STEPHEN R. MICK (SBN 131569)
*smick@btlaw.com*
LEVI W. HEATH (SBN 220854)
*lheath@btlaw.com*
SARAH E. JOHNSTON (SBN 259504)
*sjohnston@btlaw.com*
ROYA RAHMANPOUR (SBN 285076)
*rrahmanpour@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Plaintiff/Counterdefendant
JOHN FOGERTY

MICHAEL D. ROUNDS (SBN 133972)
*mrounds@bhfs.com*
MITCHELL J. LANGBERG (SBN 171912)
*mlangberg@bhfs.com*
LAURA BIELINSKI (SBN 264115)
*lbielinksi@bhfs.com*
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007
Telephone: (310) 500-4600
Facsimile: (310) 500-4602

Attorneys for Plaintiffs/Defendants/Counterclaimants
POOR BOY PRODUCTIONS, INC.,
CREEDENCE CLEARWATER REVIVAL,
STUART COOK, DOUGLAS CLIFFORD,
and PATRICIA FOGERTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FOGERTY, an individual;<br><br>            Plaintiff,<br><br>      v.<br><br>STUART COOK, an individual;<br>DOUGLAS CLIFFORD, an individual;<br>and POOR BOY PRODUCTIONS,<br>INC., a corporation,<br>            Defendants.<br><br>AND RELATED ACTIONS | Case No. 2:15-cv-06069-FMO-FFM<br><br>[Consolidated with Case No. 2:15-cv-06501-FMO-FFM]<br><br>**STATEMENT OF UNCONTROVERTED FACTS**<br><br>Date:  February 23, 2017<br>Time:  10:00 am<br>Crtrm: 22 – 5th Floor<br>Judge: Hon. Fernando M. Olguin<br>Pretrial Conference: March 3, 2017<br>Trial: March 21. 2017 |

Pursuant to the Order re: Summary Judgment Motions (Dkt. #30) in this case, the parties provide the Court with the following joint appendix of undisputed and disputed facts.   For purposes of this table, facts preceded by the letter "P" are presented by Plaintiff John Fogerty and facts preceded by the letter "D" are presented by Defendants Stuart Cook, Douglas Clifford, Patricia Fogerty, Poor Boy Productions, Inc., and Creedence Clearwater Revival.

**JOHN FOGERTY'S UNDISPUTED FACTS**

| Fact Number | Fact | Citation Supporting Fact | Opposing Parties' Assertion | Citation Supporting Assertion |
|---|---|---|---|---|
| P1 | In the late 1960's, John Fogerty, Tom Fogerty, Stuart Cook, and Douglas Clifford began performing as the band Creedence Clearwater Revival ("CCR") | Cook et al.'s Second Amended Complaint ("SAC") (Dkt. #34) at ¶ 11 [AE0004];<br><br>Deposition Transcript of Patricia Fogerty ("P. Fogerty Depo.") at pp. 23:23-24:7 [AE0466-67] | Undisputed. | |
| P2 | In forming the CCR band, the four band members (John Fogerty, Tom Fogerty, Stuart Cook, and Douglas Clifford) also formed the CCR Partnership, a California general partnership. | SAC (Dkt. #34) at ¶ 6 (stating "CCR is a California partnership") [AE0003] | Disputed, ¶ 6 refers to the current CCR partnership and ¶ 11 refers to the original CCR partnership that included Tom Fogerty. | SAC (Dkt. 34) ¶ 11. |
| P3 | In or around 1971, Tom Fogerty left the CCR band. | Declaration of Douglas Clifford In Opposition To Motion To Dismiss, Member case, 2:15-cv-6501-FMO-FFM, ECF No. 13-1 ("2015 Clifford | Undisputed. | |

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2 | | | Decl."), ¶ 4<br>[AE0797]. | | |
| 3<br>4<br>5<br>6 | P4 | The remaining members of CCR disbanded in 1972. | 2015 Clifford Decl."), ¶ 4<br>[AE0797]. | Disputed only to the extent of the term "disbanded." The band broke up and stopped playing together in 1972. | S. Cook Depo Tr. 120:12-19 (AE0413). |
| 7<br>8<br>9<br>10 | P5 | U.S. Service Mark Registration No. 1,222,931 for "Creedence Clearwater Revival" was registered on January 4, 1983. | SAC (Dkt. #34) at ¶ 12 and Ex. A [AE0004, 0020]. | Undisputed. | |
| 11<br>12<br>13 | P6 | The registered owner of the service mark is "Creedence Clearwater Revival (Partnership)." | SAC (Dkt. #34) at ¶ 12 and Ex. A [AE0004, 0020]. | Undisputed. | |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | P7 | Tom Fogerty passed away on September 6, 1990. | Response of Douglas Clifford to Request for Admission No. 3 (Set one)[AE0225]<br><br>Response of Stuart Cook to Request for Admission No. 3 (Set One) [AE0239]<br><br>P. Fogerty Depo. Depo. at p. 43:11-13 [AE0468] | Undisputed. | |
| 24<br>25<br>26<br>27 | P8 | On September 6, 1990, no written partnership agreement governed the CCR Partnership. | Declaration of John Fogerty in Support of Motion for Summary Judgment ("Fogerty Decl.") at ¶ 2 [AE1059] | Undisputed. | |
| 28 | P9 | To the extent any | Fogerty Decl. at ¶ | Disputed. The | Trademark |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| | | document is asserted to be a written CCR Partnership agreement, it does not contain explicit terms providing that the death of a CCR partner would not be cause for dissolution. | 3 [AE1059] | 1992 Trademark Assignment explicitly states that Patricia Fogerty replaced Tom Fogerty in said partnership for purposes of ownership of the Creedence Clearwater Revival service mark and all goodwill related thereto. | Assignment (AE0556). |
| | P10 | Patricia Fogerty is the widow of Tom Fogerty. | P. Fogerty Depo. at 43:11-13 [AE0468]. | Disputed. Patricia Fogerty was only a widow of Tom Fogerty on the date he died until she remarried. | P. Fogerty Depo at 43:11-13 (AE0468). |
| | P11 | Patricia Fogerty was never a member of the Creedence Clearwater Revival band. | P. Fogerty Depo. at p. 23:23-24:7 [AE0466-67]. | Undisputed. | |
| | P12 | Patricia Fogerty inherited Tom Fogerty's estate pursuant to Tom Fogerty's will. | P. Fogerty Depo. at p. 45:4-10 [AE0469]. | Undisputed. | |
| | P13 | Tom Fogerty's estate included his financial interest in the band Creedence Clearwater Revival. | P. Fogerty Depo. at p. 45:11-13 [AE0469]. | Undisputed. | |
| | P14 | Patricia Fogerty inherited Tom Fogerty's financial interest in, including royalty payments from, the service mark for "Creedence Clearwater Revival" | P. Fogerty Depo. at p. 45:14-21 [AE0469]. | Disputed. Patricia Fogerty received all of Tom Fogerty's partnership interest in the CCR Mark, including its goodwill. | P. Fogerty Depo. at 46:6-24, 71:3-9 (AE0469A, 0470) (assigned Tom Fogerty's interest in CCR Mark); Trademark Assignment (AE0556) (explicitly stating that Patricia Fogerty replaced Tom Fogerty in |

-3-

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | | | | | said partnership for purposes of ownership of the Creedence Clearwater Revival service mark and all goodwill related thereto); July 12, 1996, Declaration of John C. Fogerty In Support of Application for Preliminary Injunction ("1996 J. Fogerty Decl.") ¶ 21, Exhibit H (AE0528, AE0552-553) (confirming that Tom Fogerty's rights in CCR Mark were assigned to Patricia Fogerty). |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | P15 | Patricia Fogerty contends that she is a partner in the CCR Partnership because she believes John Fogerty has sued her in this consolidated lawsuit. | P. Fogerty Depo. at p. 71:14-20 [AE0470]. | Disputed.  All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. Patricia Fogerty was mistaken that Mr. Fogerty sued her in the present lawsuit as opposed to the 1996 lawsuit. | P. Fogerty Depo. at 70:23-71:13 (AE469B, 470) (confirming that she is a partner); D. Clifford Depo. at 60:23-61:12(AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same); P. Fogerty Decl. in Response to Motion for Partial Summary Judgment, ¶ 2(AE1062) (explaining mistake concerning belief that she was sued). |
| 26<br>27<br>28 | P16 | Patricia Fogerty is not a named defendant in John Fogerty's lawsuit in this consolidated | *See* John Fogerty Complaint for Breach of Contract (case number | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 2 3 4 | | case. | BC587693) attached to Notice of Removal Case No. 2:15-cv-06069 (Dkt. #1) [AE0086-95] | | |
| 5 6 7 8 9 10 11 12 | P17 | Patricia Fogerty contends that she is a partner in the CCR Partnership because she signed the 1995 license agreement licensing the CCR service mark to Poor Boy Productions, Inc. | P. Fogerty Depo. at p. 76:11-20; Ex. 44 [AE0471, 0736-42]. | Disputed. All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. Ms. Fogerty testified that she licensed the CCR Mark to Poor Boy Productions, Inc. as a partner. | P. Fogerty Depo. at 76:2-8 (AE0471) (signature as a partner evidences she is a partner); D. Clifford Depo. at 60:23-61:12 (AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same). |
| 13 14 15 16 17 | P18 | Regarding the 1995 license agreement to Poor Boy Productions, Inc., Patricia Fogerty was approached by Stuart Cook and Douglas Clifford to sign agreement. | P. Fogerty Depo. at p. 76:11-20 [AE0471]. | Undisputed. | |
| 18 19 20 21 22 | P19 | In 1995 Cook and Clifford incorporated Poor Boy Productions, Inc. in Nevada for the purpose of performing live concerts as "Creedence Clearwater Revisited." | 2015 Clifford Decl., ¶ 9 [AE0797-98]; Clifford Depo. at p. 226:12-18 [AE0371]. | Undisputed. | |
| 23 24 25 26 | P20 | Douglas Clifford is the President and a shareholder of Poor Boy Productions, Inc. | Clifford Depo. at p. 226:19-20 [AE0371]; Cook Depo. at 200:21-22 [AE0426]. | Undisputed. | |
| 27 28 | P21 | Stuart Cook is the Secretary, Treasurer, and a shareholder of | Clifford Depo. at p. 226:21-24 [AE0371].; | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3 | | Poor Boy Productions, Inc. | Cook Depo. at p. 200:18-20 [AE0426]. | | |
| 4<br>5<br>6<br>7<br>8<br>9 | P22 | The Cook parties did not speak to John Fogerty about the 1995 license agreement prior to their execution of the agreement. | P. Fogerty Depo. at p. 123:24-124:1 [AE0480-81];<br><br>Clifford Depo p. 231:1-18 [AE0372]. | Disputed. Although the Cook Parties did not speak personally to Mr. Fogerty, their counsel did speak with Mr. Fogerty's counsel about it. | Declaration of John Mason, dated July 29, 1996 ("Mason Decl."), ¶¶ 9-13 Exhibits 27-28 (AE0925, 928-929,946-948). |
| 10<br>11 | P23 | John Fogerty is not a signatory to the 1995 license agreement. | P. Fogerty Depo. at Ex. 44 [AE0736-42]. | Undisputed. | |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | P24 | Patricia Fogerty contends that she is a partner in the CCR Partnership because, in 2015, she signed an extension of the 1995 license agreement licensing the CCR service mark to Poor Boy Productions, Inc. | P. Fogerty Depo. at p. 76:21-25; Ex. 45 [AE0471, 0744-53] | Disputed.  All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. Ms. Fogerty testified that she licensed the CCR Mark to Poor Boy Productions, Inc. as a partner. | P. Fogerty Depo. at 76:2-25 (AE0471) (signature as a partner evidences she is a partner); D. Clifford Depo. at 60:23-61:12 (AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same) . |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | P25 | The Cook parties did not provide John Fogerty a copy of the 2015 extension agreement. | Clifford Depo. at p. 238:16-18 [AE0377];<br><br>Cook Depo. at p. 214:21-24 [AE0428]. | Disputed. Incomplete.  The reason that Mr. Fogerty was not provided the extension agreement is that he already has his agreement for royalties in the 2001 Settlement Agreement. | S. Cook Depo. at 214:21-215:20 (AE0428-429) (stating that this was reason); 2001 Settlement Agreement, ¶ 3 (AE0612) (describing royalties to Mr. Fogerty for use of Creedence Clearwater Revisited). |
| 28 | P26 | The Cook parties did | Clifford Depo. at | Disputed. | S. Cook Depo. at |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| | | not discuss the 2015 extension agreement with John Fogerty. | p. 238:19-21 [AE0377]. | Incomplete. The reason that the 2015 extension was not discussed with Mr. Fogerty is that he already has his agreement for royalties in the 2001 Settlement Agreement. | 214:21-215:20 (AE0428-429) (stating that this was reason); 2001 Settlement Agreement, ¶ 3 (AE0612) (describing royalties to Mr. Fogerty for use of Creedence Clearwater Revisited). |
| | P27 | The Cook parties did not inform John Fogerty about the 2015 extension agreement. | Clifford Depo. at p. 238:22-239:1 [AE0377]. | Disputed. Incomplete. The reason Mr. Fogerty was not informed about that 2015 extension is that he already has his agreement for royalties in the 2001 Settlement Agreement. | S. Cook Depo. at 214:21-215:20 (AE0428-429) (stating that this was reason); 2001 Settlement Agreement, ¶ 3 (AE0612) (describing royalties to Mr. Fogerty for use of Creedence Clearwater Revisited). |
| | P28 | The 2015 extension agreement does not contain a signature line for John Fogerty nor did John Fogerty sign the agreement. | P. Fogerty Depo. at Ex. 45 [AE0744-53]. | Undisputed. | |
| | P29 | Patricia Fogerty contends that she is a partner in the CCR Partnership because she signed an agreement licensing to Warner Home Video the right to use videotape footage of members of Creedence Clearwater Revival from their show at Woodstock. | P. Fogerty Depo. at p. 76:2-8; Ex. 40 [AE0471, 0709-24] | Disputed. All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. The license to Warner Home Video includes a license to use the CCR "name" for advertisements and packaging of | D. Clifford Depo. at 60:23-61:12 (AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same); Ex. 40 (AE0710), ¶ 2(i) and (ii) (describing CCR name license for box set) |

| | | | | |
|---|---|---|---|---|
| | | | the licensed Woodstock box set. | |
| P30 | Regarding her signature on the license to Warner Home Video, Patricia Fogerty signed her name under a column titled "Estate of Tom Fogerty" and handwrote the word "executor" under her signature. | P. Fogerty Depo. p. 99:2-101:3; Ex. 40 [AE0475-77, 0709-24] | Undisputed. | |
| P31 | Patricia Fogerty has confirmed that she signed the Warner Home Video license in her capacity as the executor of Tom Fogerty's estate. | P. Fogerty Depo. pp. 100:25-101:3 [AE0476-77] | Disputed. Ms. Fogerty testified that the agreement was signed in her capacity as a partner. | P. Fogerty Depo. 77:18-78:13 (AE0472-472A); 99:8-19 (AE0475). |
| P32 | Patricia Fogerty contends that she is a partner in the CCR Partnership because she signed an assignment of trademark for the CCR service mark. | P. Fogerty Depo. at p. 77:5-9 [AE0472] | Disputed. All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. The testimony does not support the remaining portion of this assertion. | D. Clifford Depo. at 60:23-61:12 (AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same). |
| P33 | In support of her contention that she is a partner, Patricia Fogerty refers to an assignment recorded in the United States Patent and Trademark Office ("USPTO") on April 3, 1992. | P. Fogerty Depo. at p. at 109:18-110:4 [AE0478-79]  Ex. 6 [AE0556-59]  CCR0000828-832 [AE0843-47] | Disputed. All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. | D. Clifford Depo. at 60:23-61:12 (AE0327-28) (Patricia Fogerty is a partner); S. Cook Depo. at 23:10-18 (AE0387) (same). |
| P34 | The 1992 assignment to Patricia Fogerty was not the first assignment filed with the USPTO for the purpose of | P. Fogerty Depo. at Ex. 43 [AE0733-34] | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | | transferring Tom Fogerty's interest in the CCR Service Mark to Patricia Fogerty. | | |
| | P35 | On August 9, 1991, attorney Harris Zimmerman sent a letter to John Fogerty, Stuart Cook, and Douglas Clifford, informing them that as a result of Tom Fogerty's death and the fact that Patricia Fogerty was Tom Fogerty's sole heir, Mr. Zimmerman would arrange to transfer Tom Fogerty's interest in the CCR service mark to Patricia Fogerty. | P. Fogerty Depo. at Ex. 41 [AE0727-28] | Disputed. Incomplete. Mr. Zimmerman also stated, among other things, that the Creedence Clearwater Revival partnership owned the CCR Mark. |
| | P36 | The August 9, 1991 letter does not state that the transfer of Tom Fogerty's interest in the CCR service mark to Patricia Fogerty would make her a partner in the CCR Partnership. | P. Fogerty Depo. at Ex. 41 [AE0727-28]. | Disputed. For purposes of the partnership's ownership of the CCR Mark, that is exactly what the letter states. |
| | P37 | In his August 9, 1991 letter, Mr. Zimmerman stated that he was enclosing a proposed assignment of Tom Fogerty's interest to Patricia Fogerty. | P. Fogerty Depo. at Ex. 41 [AE0727-28]. | Undisputed. |
| | P38 | On September 9, 1991, John Fogerty signed an "Assignment of Trademark Interest" in order to assign Tom Fogerty's interest in the CCR Service Mark to Patricia Fogerty. | P. Fogerty Depo. at Ex. 42 [AE0730-31] | Undisputed. |
| | P39 | The 1991 Assignment of Trademark noted that Tom Fogerty died, | P. Fogerty Depo. at Ex. 42 [AE0730-31] | Undisputed. |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | leaving a last will and testament, pursuant to which Patricia Fogerty was the sole heir. | | |
| P40 | The 1991 Assignment of Trademark does not state that the transfer of Tom Fogerty's interest in the CCR service mark to Patricia Fogerty would make her a partner in the CCR Partnership. | P. Fogerty Depo. at Ex. 42 [AE0730-31] | Disputed.  As Mr. Zimmerman's August 9, 1991 letter indicates, the purpose of the Assignment was to make Patricia Fogerty a partner for purposes of ownership of the CCR Mark.  The term "stand in the same place and stead" means Patricia Fogerty replaced Tom Fogerty as a partner for purposes of ownership of the CCR Mark. | P. Fogerty Depo at Ex. 41 (AE0727). |
| P41 | In a letter dated January 28, 1992, attorney Harris Zimmerman advised Stuart Cook, John Fogerty, Douglas Clifford, and Patricia Fogerty that the USPTO had refused to record the 1991 assignment submittal. | P. Fogerty Depo. at Ex. 43 [AE0733-34] . | Undisputed. | |
| P42 | In his January 28, 1992 letter, Mr. Zimmerman further stated that he had revised the assignment papers for Stuart Cook, John Fogerty, Douglas Clifford, and Patricia Fogerty's signatures. | P. Fogerty Depo. at Ex. 43 [AE0733-34]. | Undisputed. | |
| P43 | The January 28, 1992 letter from Mr. Zimmerman did not | P. Fogerty Depo. at Ex. 43 [AE0733-34]. | Disputed. Incomplete.  Mr. Zimerman had | P. Fogerty Depo. at 41 (AE0727). |

-10-

| | | | | | |
|---|---|---|---|---|---|
| | | state that the revised assignment papers would make Patricia Fogerty a partner in the CCR Partnership. | | already stated that that was the purpose of the Assignment. | |
| | P44 | In a "Notice of Non-Recordation of Document" dated November 15, 1991, the USPTO advised: "[p]roof of authority of legatee of the estate of said deceased should be submitted for recording as a separate document. Also, 'Creedence Clearwater Revival', with the inclusion of Tricia Fogerty, heir to the deceased, Tom Fogerty, should be so stated in the transfer clause as the assignee." | P. Fogerty Depo. at Ex. 43 [AE0733-34]. | Undisputed. | |
| | P45 | In response to the USPTO's November 15, 1991 notice, Mr. Zimmerman filed for recordation of the 1992 assignment papers and a copy of Tom Fogerty's last will and testament. | P. Fogerty Depo. at Ex. 6 [AE0556-59]  CCR0000828-854 [0843-69]. | Undisputed. | |
| | P46 | Douglas Clifford contends that Patricia Fogerty became a partner in the CCR Partnership because she was Tom Fogerty's heir under Tom Fogety's will. | Clifford Depo. at pp. 126:19-127:8 [AE0338-39]. | Disputed. Incomplete. All partners except John Fogerty in this litigation contend that Patricia Fogerty is a partner in the CCR partnership. Mr. Clifford also testified that the Trademark Assignment made Patricia Fogerty a partner in place | S. Cook Depo. at 23:10-18 (AE0387) (Patricia Fogerty is a partner);  Clifford Depo. at 127:9-17 (AE0339). |

-11-

| | | | | of Tom Fogerty. | |
|---|---|---|---|---|---|
| | P47 | Douglas Clifford never discussed with John Fogerty about whether or not Patricia Fogerty would become a partner in the CCR Partnership. | Clifford Depo. at p. 173:18-21 [AE0364]. | Disputed. Incomplete. Mr. Clifford and Mr. Cook have not spoken with John Fogerty since the 1980s as a result of the acrimonious band breakup. | Cook Depo. at 39:24-42:8 (AE0391-394); Declaration of Douglas Clifford In Response To John Fogerty's Motion for Summary Judgment ("2017 Clifford Response Decl."), ¶ 2 AE1069). |
| | P48 | The CCR Partnership has not filed any Federal tax returns since 1990. | Response of Douglas Clifford to Request for Production ("Clifford RFP Response") No. 1 [AE0129-30];<br><br>Response of Stuart Cook to Request for Production ("Cook RFP Response") No. 1 [AE0168-69];<br><br>Response of Patricia Fogerty to Request for Production ("P. Fogerty RFP Response") No. 1 [AE0203-04];<br><br>Response of Creedence Clearwater Revival to Request for Production ("CCR RFP Response") No. 1 [AE0103-104];<br><br>P. Fogerty Depo. at p. 89:16-20 | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| | | | [AE0473];<br><br>Cook Depo. at p. 155:4-7 [AE0422]. | | |
| | P49 | The CCR Partnership has not filed any California tax returns since 1990 | Clifford RFP Response No. 2 [AE0130-31];<br><br>Cook RFP Response No. 2 [AE0169];<br><br>P. Fogerty RFP Response No. 2 [AE0204-05];<br><br>CCR RFP Response No. 2 [AE0104];<br><br>P. Fogerty Depo. at p. 89:21-22 [AE0473];<br><br>Cook Depo. at p. 155:8-9 [AE0422]. | Undisputed. | |
| | P50 | The CCR Partnership has not filed any IRS Form 1065s or Schedule K-1s since 1990 | Clifford RFP Response No. 3 [AE0131-32];<br><br>Cook RFP Response No. 3 [AE0170];<br><br>P. Fogerty RFP Response No. 3 [AE0205];<br><br>CCR RFP Response No. 3 [AE0104-05];<br><br>P. Fogerty Depo. at p. 89:23-90:1 [AE0473]. | Undisputed. | |
| | P51 | The CCR Partnership | Clifford RFP | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | | has not filed any documents with the California Secretary of State since 1990 | Response No. 8 [AE0136];<br><br>Cook RFP Response No. 8 [AE0173-74];<br><br>P. Fogerty RFP Response No. 7 [AE0208-09];<br><br>CCR RFP Response No. 11 [AE0111];<br><br>P. Fogerty Depo. at p. 90:2-4 [AE0208-09];<br><br>Cook Depo. at p. 155:12-14 [AE0422]. | | |
| | P52 | The CCR Partnership has not issued any notices of meetings of the CCR Partnership since 1990 | Clifford RFP Response No. 11 [AE0138-39];<br><br>Cook RFP Response No. 11 [AE0176-77];<br><br>P. Fogerty RFP Response No. 10 [AE0211];<br><br>CCR RFP Response No. 14 [AE0113];<br><br>P. Fogerty Depo. at p. 90:7-9 [AE0474];<br><br>Clifford Depo. at p. 130:3-7 [AE0342]. | Undisputed. | |
| | P53 | The CCR Partnership | Clifford RFP | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | | has not generated any meeting minutes or meeting notes for any meeting of the CCR Partnership since  1990 | Response No. 12 [AE0139-40];<br><br>Cook RFP Response No. 12 [AE0177];<br><br>P. Fogerty RFP Response No. 11 [AE0211-12];<br><br>CCR RFP Response No. 15 [AE0113-14];<br><br>Cook Depo. at p. 155:24-156:5 [AE0422]. | | |
| 12<br>13<br>14<br>15<br>16 | P54 | From the time of Tom Fogerty's death until present, there has not been a meeting of the alleged partners (John Fogerty, Stuart Cook, Douglas Clifford, and Patricia Fogerty) where all four were present. | Cook Depo. at p. 155:20-23 [AE0422]. | Undisputed. | |
| 17<br>18<br>19 | P55 | The CCR Partnership has not had an accountant since September 6, 1990. | Clifford Depo. at p. 129:21-25 [AE0341] | Undisputed. | |
| 20<br>21 | P56 | The CCR Partnership does not have a business address. | Cook Depo. at p. 129:12-14 [AE0416]. | Disputed. Incomplete.  The partnership has a mailing address. | Cook Depo. at 129:15-22 (AE0416). |
| 22<br>23<br>24 | P57 | The CCR Partnership does not own any property | Clifford Depo. at p. 130:19-20 [AE0342]. | Disputed.  The partnership owns the CCR Mark.  It does not own any real property. | Clifford Depo. at 130:8-17 (AE0342) (ownership of CCR Mark);  Cook Depo. at 129:15-22 (AE0416) (same). |
| 25<br>26<br>27 | P58 | John Fogerty is a former member of the band Creedence Clearwater Revival. | Clifford Depo. at pp. 67:23-68:3 [AE0330-31]. | Undisputed. | |
| 28 | P59 | John Fogerty was the | Clifford Depo. at | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | lead singer, guitarist, and primary song writer for Creedence Clearwater Revival. | pp. 82:23-84:7, 15-21 [AE0334-36];<br><br>Cook Depo. at p. 55:8-10, 19-21, p. 106:22-25, and p. 107:1-24 [AE0402, 0411-12];<br><br>CCR0000578 [AE0839]. | | |
| | P60 | John Fogerty has a longstanding and intimate association with the Creedence Clearwater Revival band that includes releasing seven studio albums between 1968 and 1972. | Clifford Depo. at pp. 82:1-85:12 [AE0334-37]. | Disputed. Mischaracterizes Clifford's cited testimony, which merely discusses CCR's albums and who was credited with writing them and playing particular instruments. | |
| | P61 | At his concerts, John Fogerty plays songs originally performed by the band Creedence Clearwater Revival. | Deposition Transcript of John Fogerty ("J. Fogerty Depo.") at Ex. 1 [AE0494-96]. | Disputed. Incomplete. Except for three or so instances, Fogerty did not publicly perform CCR songs at his concerts for many years after the band broke up in 1972, until approximately 1997 when the Revisited band began publicly performing CCR music. | Clifford Depo. at 176:1-177:18 (AE0365-366). |
| | P62 | John Fogerty does not need permission from the Cook parties to sing the songs that he wrote and he performed when | Clifford Depo. at p. 36:10-22 [AE0321];<br><br>Cook Depo at pp. | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| | | he was a member of the band Creedence Clearwater Revival. | 44:19-45:2 [AE0395-96]. | | |
| | P63 | John Fogerty playing CCR music live does not hurt the brand of Creedence Clearwater Revival. | Clifford Depo. at pp. 66:25-67:12 [AE0329-30]. | Undisputed. | |
| | P64 | Stuart Cook, Douglas Clifford, Patricia Fogerty, the CCR Partnership, and Poor Boy Productions, Inc. have not conducted any surveys regarding whether John Fogerty's actions are likely to confuse consumers. | Clifford Depo. at p. 29:12-16 [AE0317]. | Undisputed. | |
| | P65 | The Cook parties have not presented expert witness evidence regarding likelihood of confusion. | N/A | Undisputed. | |
| | P66 | The Cook parties have not produced any admissible evidence of actual consumer confusion. | N/A | Disputed. | Clifford Depo. at 31:13-32:16 (AE0319-320). |
| | P67 | The Cook parties do not think that it confuses or misleads fans for John Fogerty to bill himself as being formerly of Creedence Clearwater Revival. | P. Fogerty Depo. at p. 152:1-3 [AE0482]; Clifford Depo. at p. 36:15-22 [AE0321]. | Disputed. Mischaracterizes the cited testimony. Patricia Fogerty and Douglas Clifford testified only as to Fogerty's use of the words "formerly of" generally and descriptively and not to Fogerty's use of that phrase in any particular advertisement. Both witnesses testified that John Fogerty's | P. Fogerty Depo. at 153:18-154:17 (AE0482A-482B, Depo. Ex.'s 8 (AE0561) and 26 (AE639) (confusing and misleading); D. Clifford at 27:15-23, 29:17-23, 30:15-21 (AE0316-318) (same). |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 2 3 4 | | | | promotional advertising for concerts at issue is infringing. | |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | P68 | The Cook parties do not think that it confuses or misleads fans for John Fogerty to state that he wrote the songs or performs the song of Creedence Clearwater Revival. | Clifford Depo. at p. 41:16-22 [AE0322];  P. Fogerty Depo. at p. 152:5-12 [AE0482];  Cook Depo p. 60:15-19 [AE0407]. | Disputed.  The question Douglas Clifford responded to is whether it would confuse or mislead the fans for Fogerty to simply "*tell*[] his fans that he wrote the songs or performed the songs." (emphasis added.)  Patricia Fogerty testified that she has never seen Mr. Fogerty advertised as "songwriter for Creedence Clearwater Revival" but that as a general and descriptive reference it is "not that confusing."  Stuart Cook was asked whether he believes the general and descriptive "statement" that Fogerty performs the songs is false or misleading. | P. Fogerty Depo. at 153:18-154:17 (AE0482A-482B, Depo. Ex.'s 8 (AE0561) and 26 (AE639) (confusing and misleading); D. Clifford at 27:15-23, 29:17-23, 30:15-21(AE0316-318) (same); Cook Depo. at 45:14-47:17 (AE0396-398) (same). |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 2 3 4 5 6 | | | | All three witnesses testified that John Fogerty's promotional advertising for the concerts at issue is infringing. | |
| 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | P69 | The Cook parties do not believe that John Fogerty needs the CCR Partnership's permission to state "Performs Live the Albums of Creedence Clearwater Revival" | Clifford Depo. at p. 46:14-19; Ex. 8 [AE0323] | Disputed. Incomplete and mischaracterizes the cited testimony, which instead demonstrates Clifford's belief that Fogerty needs permission to use such language when it is used in an infringing manner.<br><br>All three witnesses testified that John Fogerty's promotional advertising for the concerts at issue is infringing.<br><br>Mr. Cook testified in detail about the additional infringing conduct for merchandise and otherwise that Mr. Fogerty has engaged in. | P. Fogerty Depo. at 153:18-154:17 (AE0482A-482B), Depo. Ex.'s 8 (AE0561) and 26 (AE639) (confusing and misleading); D. Clifford at 27:15-23, 29:17-23, 30:15-21 (AE0316-318) (same); Cook Depo. at 45:14-47:17 (AE0396-398) (same); Cook Depo. at 53:3-61:25 (AE0400-408); (additional infringing use by Mr. Fogerty);<br><br>*See* Depo. Exhibits 2, 8, 22-34 (AE505-517, 561, 624-655) (infringing use at issue). |

-19-

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | P70 | The Cook parties believe that the statement "John Fogerty, The Creedence Legend" is a truthful statement and not false or misleading. | Clifford Depo. at p. 56:4-12; 57:7-14 [AE0325-26]; Cook Depo p. 60:11-14 [AE0407]. | Disputed. Incomplete and mischaracterizes the cited testimony.

The cited testimony of Douglas Clifford reflects only that Mr. Clifford agrees that Fogerty "is a legend associated with the band." Mr. Clifford did not testify that such a statement when used in particular merchandise is not false and misleading; to the contrary, Mr. Clifford testifies that he believes Fogerty needed permission for a T-shirt bearing this phrase— "that's a true statement, but it's not within the framework of the settlement."

Likewise, Stuart Cook testified that he did not "have a problem with the text" but that Fogerty needs permission for use of the phrase on merchandise | Clifford Dep. 56:4-57:20 (AE0325-326) (Testifying to infringing use); Cook Dep. 59:20-60:10 (AE0406-407) (same); Ex. 30 (AE0647) (infringing use at issue). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | where such use is not informational— *i.e.,* where is used in a trademark sense. | |
| P71 | John Fogerty's ninth solo studio album, released in 2013, was entitled "Wrote a Song for Everyone." | Fogerty Decl. at ¶ 4 [AE1059] | Undisputed. | |
| P72 | In 1996, John Fogerty filed a lawsuit against Cook, Clifford, and Poor Boy Productions, seeking an injunction to prevent them from performing under the name "Creedence Clearwater Revisited," or any other name that was confusingly similar to CCR. | SAC (Dkt. #34) at ¶¶ 16-17 [AE0005]. | Undisputed. | |
| P73 | The 1996 lawsuit was eventually settled on January 9, 2001, on the basis of a letter agreement ("2001 Settlement Agreement") | SAC (Dkt. #34) at ¶ 18 [AE0005-6]  Deposition Exhibit 13 [AE0612-14]. | Undisputed. | |
| P74 | The 2001 Settlement Agreement is a valid and enforceable contract. | Response of Douglas Clifford to Request for Admission No. 10 (Set one) [AE0228]  Response of Stuart Cook to Request for Admission No. 10 (Set One) [AE0242]. | Undisputed. | |
| P75 | The 2001 Settlement Agreement required Cook, Clifford, and | Deposition Exhibit 13 [AE0612-14].. | Disputed.  The 25% payment for "Revisited" | SAC (Dkt. # 34) at C, ¶ 3(c) (AE0028) (terms of 25% |

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | | Poor Boy to make quarterly payments to John Fogerty equaling 5.5% of "gross annual income from performances in any medium under the 'Revisted' name" and 25% of gross income on merchandising income from licensees. | | merchandise occurred only if the merchandise did not include a picture of one or members of the Revisited group or other tour specific or commemorative reference.  Poor Boy never had reason to make a 25% royalty payment. | royalty payment); Cook Depo. at 229:19-230:16 (AE0434-435). |
| 10<br>11<br>12<br>13 | P76 | Clifford, Cook, and Poor Boy made payments to John Fogerty pursuant to this agreement for approximately 10 years. | SAC (Dkt. #34) at ¶¶ 24-25 [AE0007]. | Disputed.  The citation does not support the assertion and only Poor Boy made payments. | |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | P77 | Clifford, Cook, and Poor Boy have not made any payments to John Fogerty under the 2001 Settlement Agreement related to income earned from the use of the name "Creedence Clearwater Revisited" since at least January 1, 2012. | Response of Douglas Clifford to Request for Admission No. 9 (Set one) [AE0228];<br><br>Response  of Stuart Cook to Request for Admission No. 9 (Set One) [AE0241-42];<br><br>Clifford Depo. at p. 253:5-9 [AE0379];<br><br>Cook Depo pp. 228:21-229:7 [AE0434]. | Undisputed. | |
| 26<br>27<br>28 | P78 | The 2001 Settlement Agreement also has a provision whereby the name "Creedence Clearwater Revisited" | Deposition Exhibit 13 [AE0612-14]. | Disputed.  Paragraph 2(c) prohibits the Cook parties from authorizing | SAC (Dkt. #34) at Ex. C, ¶ 2(c) (AE0027) (stating same); Cook Depo. at 226:10-227:24 |

| | | could be used only by "a performing group consisting of at least Messrs. Clifford and Cook." | | or licensing the CCR Mark to third parties other than a performing group consisting of at least Messrs. Clifford and Cook.  Paragraph 2(c) does not state or mean that Messrs. Clifford and Cook have to perform every show together, including when Mr. Clifford is being treated for cancer. | (AE0431-432). |
|---|---|---|---|---|---|
| | P79 | Cook has performed under the name "Creedence Clearwater Revisited" without Clifford. | Cook RFA Response No. 14 [AE0243-44];

CCR0000463-64 [AE0829-30] | Undisputed. | |
| | P80 | Cook, Clifford, and Poor Boy stated that their reason for stopping to pay John Fogerty under the 2011 Settlement Agreement was due to (1) their belief that Fogerty was infringing the CCR trademark and (2) statements attributed to John Fogerty in an article published by Ultimate Classic Rock article. | CCR0000745 [AE0841] | Disputed.  The document does not state that the quoted statements in the Ultimate Classic Rock article were attributed to John Fogerty. | |
| | P81 | The Ultimate Classic Rock article is a single article by the Canadian Press in which John Fogerty allegedly expressed his preference that Cook | SAC (Dkt. #34) at Ex. D [AE0031]. | Disputed.  Mr. Fogerty quote in the article speaks for itself:" "We had an agreement among ourselves way back in the | SAC (Dkt. #34) at Ex. D (AE031) (full quote); Fogerty Depo. at 120:15-24 (AE0300) (confirming quote); |

| | | | | | |
|---|---|---|---|---|---|
| 1 2 3 4 5 6 7 8 | | and Clifford not use the "Revisited" name. | | day that we would never do such a thing…It really confuses the fans." Mr. Fogerty has no reason to believe that he did not make the statements and agrees with them. The article is still available on the internet. | SAC, ¶ 25 (AE0007) (active link for article). |
| 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 | P82 | Clifford and Cook do not know if the statements attributed to John Fogerty in the Ultimate Classic Rock article were in fact made by John Fogerty. | Clifford Depo p. 21:11-15 [AE0312]; Cook Depo p. 36:14-25 [AE0389]. | Disputed. Mr. Clifford's cited testimony does not support the assertion. Mr. Cook testified that there was no need to determine whether the statements were made because they were quotes and there was no retraction. Mr. Cook also testifies that, despite several opportunities provided by Revisited's counsel, Mr. Fogerty never denied that he made the statements. | Cook Depo. at 37:9-24 (AE0390); 35:17-36:13 (AE0388-89) (stating same); Cook Decl. in Opposition to John Fogerty's Motion for Partial Summary Judgment ("Cook Response Decl."), ¶ 2, Exhibits 1 and 2 (AE0841, 1078, 1083). |
| 24 25 26 27 28 | P83 | Prior to filing their lawsuit against John Fogerty, Clifford and Cook did not verify or confirm that the statements attributed to John Fogerty in the Ultimate Classic Rock article were in fact | Clifford Depo p. 22:7-10 [AE0313]; Cook Depo p. 37:9-13 [AE0390]. | Disputed. Mr. Clifford testified that he believed that Mr. Fogerty's quotes were accurate because they were quotes, "things were | Clifford Depo. at 21:11-15 (AE0312), 23:18-24:1 (AE0313-314); Cook Depo. at 37:9-24 (AE0390); 35:17-36:13 (AE0388-89) (stating same); |

-24-

| | | | | | |
|---|---|---|---|---|---|
| 1 | | made by John Fogerty. | | brewing" and "it sounded just like something he would say."  Mr. Cook testified that there was no need to determine whether the statements were made because they were quotes and there was no retraction.  Mr. Cook also testifies that, despite several opportunities provided by Revisited's counsel, Mr. Fogerty never denied that he made the statements. | Cook Response Decl. ¶ 2, Exhibits 1 and 2 (AE01078, 1081, 1083). |
| 15 | P84 | In settlement negotiations for the 1996 lawsuit, John Fogerty's counsel informed Cook, Clifford, and Poor Boy of John Fogerty's position that a "no disparagement" clause is not "advisable or even enforceable based on its subjective nature. Obviously, the extent that one party has defamed the other there are defamation laws that provide a remedy." | Clifford Depo at Ex. 87 [AE0824-27]. | Undisputed. | |
| 25 | P85 | The 2001 Settlement Agreement provided "John will withdraw his objection to Messrs. Clifford's and Cook' performing under the name 'Creedence | Deposition Exhibit 13 [AE0612-14] | Undisputed. | |

| | | | | | |
|---|---|---|---|---|---|
| | | Clearwater Revisited.'" | | | |
| | P86 | Following the 2001 Settlement Agreement, John Fogerty dismissed the 1996 lawsuit. | SAC (Dkt. #34) at ¶ 18 [AE0005-06]. | Disputed. Incomplete. The citation does not support the assertion and the1996 lawsuit was dismissed with prejudice. | 1996 Stip and Order to Dismiss (AE0992-93). |
| | P87 | The Cook Parties contend that, as the majority partners of the CCR Partnership they can make partnership decisions regardless of John Fogerty's position. | Clifford Depo. at pp. 73:20-74:2; 161:22-162:1 [AE0332-33, 0358-59];<br><br>Cook Depo. at p. 23:10-18 [AE0387]. | Disputed. The Cook Parties are prohibited from licensing the CCR Mark to third parties without John Fogerty's consent. | Settlement Agreement, ¶¶ 2(a) and 2(c) (AE0612); Fogerty Depo. at 109:10-18 (AE0298A) (third party licensing prohibited); Cook Support Decl., ¶¶ 3-6 (AE1072-74) (prohibition on third party licensing) ; Clifford Support Decl., ¶ 3 (AE01065) (if merchandise licensing not prohibited, Fogerty's conduct prohibited). |
| | P88 | On or about March 1, 1995, Stuart Cook and Douglas Clifford (along with Patricia Fogerty) executed a "license" of the CCR service mark registration on behalf of the CCR Partnership to Poor Boy Productions, Inc. | SAC (Dkt. #34) at ¶ 14 [AE0005];<br><br>P. Fogerty Depo. at Ex. 44 [AE0735-42]. | Disputed. The License is made under any and all rights to the CCR Mark, including common law rights and the federal registration. | Ex. 44, ¶ 1(a) (AE0736). |
| | P89 | The 1995 license agreement did not include a provision for royalties to the CCR partnership for Creedence Clearwater Revisited's | Clifford Depo. at pp. 234:16- 235:21 [AE0373-74];<br><br>Ex. 44 [AE0735-42]; | Undisputed. | |

-26-

| | | | | | |
|---|---|---|---|---|---|
| | | merchandise sales. | Cook Depo. at p. 211:6-11 [AE0427]. | | |
| | P90 | On or about February 28, 2015, Stuart Cook, Douglas Clifford, and Patricia Fogerty, purportedly on behalf of the CCR partnership, entered into an extension of the 1995 license agreement with Poor Boy Productions, Inc. | P. Fogerty Depo. at Ex. 45 [AE0744-53] | Disputed. The word "purportedly" appears nowhere in Ex. 45. | |
| | P91 | John Fogerty is not a signatory to the 2015 extension agreement nor is there a line for his signature. | P. Fogerty Depo. at Ex. 45 [AE0744-53] | Disputed. Incomplete. Fogerty had an independent deal for merchandise royalties under the 2001 Settlement Agreement that he has been paid under since 2001. There is no need to pay him under the 2015 agreement. | S. Cook Depo. at 214:21-215:20 (AE0428-29) (stating that this was reason); 2001 Settlement Agreement, ¶ 3 (AE0613) (describing royalties to Mr. Fogerty for use of Creedence Clearwater Revisited). |
| | P92 | Under the 2015 extension agreement, Poor Boy Productions, Inc. was to pay the CCR Partnership 6% of gross performance revenues from Creedence Clearwater Revisited performances and 6% of net sales of Creedence Clearwater Revisited's merchandise | Clifford Depo. at pp. 236:4-239:3 [AE0375-78]; Cook Depo. at pp. 214:6-216:16 [AE0428-30]; Ex. 45 [AE0744-53]. | Disputed. Incomplete. Fogerty had an independent deal for merchandise royalties under the 2001 Settlement Agreement that he has been paid under since 2001 Settlement Agreement. There is no need to pay him under the 2015 agreement. | S. Cook Depo. at 214:21-215:20 (AE0428-29) (stating that this was reason); 2001 Settlement Agreement, ¶ 3 (AE0613) (describing royalties to Mr. Fogerty for use of Creedence Clearwater Revisited). |
| | P93 | From approximately | Clifford Depo. at | Disputed. The | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | 1995 to 2015, Creedence Clearwater Revisited sold merchandise. | pp. 183:17-24, 235:12-16 [AE0367, 0374]. | testimony does not support this assertion. | |
| | P94 | From approximately 1995 to 2015, Creedence Clearwater Revisited did not pay the CCR Partnership any merchandise royalties. | Clifford Depo. at pp. 237:13-238:1 [AE0376-77]; compare Ex. 44 to Ex. 45 [AE0735-53]. | Disputed. The testimony does not support the assertion. | |
| | P95 | Poor Boy does not have "the corporate man power to [sell merchandise at foreign shows]" and "hardly can deal with it in the states." | Deposition Transcript of Poor Boy Productions, Inc. at pp. 18:19-19:8 [AE0445-46]. | Disputed. Poor Boy does occasionally sell Revisited merchandise at Canada shows. | Poor Boy Depo. at 19:10-11 (AE0446). |
| | P96 | Poor Boy handles merchandising "all internally" and "doesn't generate a lot of revenue. | Cook Depo. at pp. 189:4-190:10 [AE0424-25]. | Undisputed. | |
| | P97 | Aside from the 1995 license and the 2015 extension to Poor Boy Productions, Inc., the CCR partnership has not granted any other licenses to the Creedence Clearwater Revival mark. | Clifford Depo. at p. 160:1-16 [AE0357]; Cook Depo. at p. 124:13-17 [AE0414]. | Disputed. The testimony does not support the assertion. The CCR Mark was licensed to Warner Home Video for use in the Woodstock box set that feature Creedence Clear Water Revival performances. | Woodstock Agreement, ¶ 2 (license under CCR Mark) (AE0709-10); Cook Depo. at 82:18-83:4 (confirming license) (AE0409-410). |
| | P98 | Stuart Cook, Douglas Clifford, and Patricia Fogerty have not, on behalf of the CCR Partnership, pursued licensing agreements with any third parties for the purpose of selling Creedence | Clifford Depo. at pp. 160:1-16; 162:11-21[AE0357-59]; Cook Depo. at pp. 124:18-21; 154:1-12 [AE0414, 0421]. | Undisputed. | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 | | Clearwater Revival merchandise. | | | |
| 2–13 | P99 | The Cook Parties did not pursue licensing agreements on behalf of the CCR Partnership with any third parties for the purpose of selling Creedence Clearwater Revival merchandise because, "[they] have got plenty to do," "[they] have things that require lots of time…," and had "been doing other things." | Clifford Depo. at pp. 161:22-162:7; 162:11-163:1 [AE0357-60]; Cook Depo. at 124:18-21; 154:1-12 [AE0414, 0421]. | Disputed.  The cited testimony of Messrs. Cook and Clifford does not support this assertion. The Cook Parties did not pursue third party licensing agreements for merchandise because they were contractually prohibited from doing so and because John Fogerty would object and bring suit. | Settlement Agreement, ¶¶ 2(a) and (c)(AE0612-13); Cook Support Decl. ¶¶ 3-6 (AE01072-74) (prohibited from third party licensing);  Clifford Support Decl., ¶ 3 (Fogerty would object and sue if merchandise was licensed) (AE1065). |
| 14–23 | P100 | In 2011, Stuart Cook and Douglas Clifford rejected a proposal by John Fogerty for the creation and sale of Creedence Clearwater Revival T-shirts and other merchandise that could be sold by all three former band members. | Clifford Depo. at pp. 163:2- 166:12 [AE0360-63] Ex. 75 at ¶ 18 [AE0800, 0805]. | Disputed. Misleading and incomplete. Clifford and Cook declined Fogerty's limited and vague proposal for T-shirts only and presented a counter offer for licensing the CCR Mark to third parties for sale through a website and at retail. Fogerty declined. | Clifford Support Decl., ¶ 4, Ex. 75, Ex. F thereto (1065-66, AE0805). |
| 24–28 | P101 | Numerous bootleggers have been offering for sale and selling unlicensed and unauthorized merchandise bearing the Creedence Clearwater Revival | Clifford Depo. at pp. 145:19-152:19; 154:9-159:14 [AE0343-56]; Ex. 67-74 [AE0758-94]; | Disputed. Misleading.  The witnesses had never seen the websites shown to them at their deposition and there is no | |

| | | | | |
|---|---|---|---|---|
| | | brand. | Cook Depo. at 150:4- 153:11 [AE0417-20] | evidence how long the T-shirts have been offered for sale or whether any sales have been made. | |
| | P102 | The CCR Partnership does not derive any income from unlicensed sales by bootleggers. | Clifford Depo. at pp. 145:19-152:19; 154:9-159:14 [AE0343-56]; Cook Depo. at pp. 150:4- 153:11 [AE0417-20] | Undisputed. | |
| | P103 | Stuart Cook has testified that the merchandising currently done by unlicensed vendors "should be done correctly by the partnership." | Cook Depo. at p. 152:13-18 [AE0419]. | Disputed. Incomplete. Fogerty declined an offer from Cook and Clifford to sell CCR merchandise through a website and at retail. | Clifford Support Decl., ¶ 4, Ex. 75, Ex. F thereto (1065-66, AE0805). |

## **COUNTER-DEFENDANTS COOK & CLIFFORD'S UNDISPUTED FACTS**

| Fact No. | Fact | Evidence | Opposing party's response | Opposing party's evidence |
|---|---|---|---|---|
| | **The Creedence Clearwater Revival Partnership, And Registration And Assignment Of The CREEDENCE CLEARWATER REVIVAL Trademark** | | | |
| D1 | The world famous musical group and partnership Creedence Clearwater Revival ("CCR") was formed in 1968 and originally included Douglas Clifford ("Clifford"), Stuart Cook ("Cook"), Tom Fogerty and John Fogerty ("Fogerty"). | Deposition of John C. Fogerty, June 8, 2016 ("J. Fogerty Dep.") 13:7-17; 19:15-18 (AE0279-280). Jul 12, 1996, Declaration of John C. Fogerty In Support of Application for Preliminary | Undisputed | |

-30-

| | | | | |
|---|---|---|---|---|
| | | Injunction ("1996 J. Fogerty Decl.") ¶¶ 2-3 (AE0523-524). | | |
| D2 | CCR has sold tens of millions of albums and singles in the United States alone, with hit records such as "Born on the Bayou," "Down on the Corner," "Fortunate Son," "Up Around the Bend" and "Heard it Through the Grapevine." CCR has been inducted into the Rock and Roll Hall of Fame. | 2015 Clifford Decl., ¶¶ 6-8 (AE0797). | Undisputed | |
| D3 | Tom Fogerty left CCR in 1971, and the band stopped recording and formally performing together in 1972. | 2015 Clifford Decl. ¶ 4 (AE0797). | Undisputed | |
| D4 | Tom Fogerty passed away in 1990. | 1996 J. Fogerty Decl. ¶ 21 (AE0528). <br><br> Deposition of Patricia Fogerty, June 22, 2016 ("P. Fogerty Dep.") 43:11-13 (AE0468). | Undisputed | |
| D5 | Tom Fogerty's interest in CCR's property, including his interest in the service mark CREEDENCE CLEARWATER REVIVAL and all associated goodwill, passed to his wife, Ms. Patricia Fogerty. | TM Assignment (AE0555-559). <br><br> August 9, 1991, letter from Harris Zimmerman (AE0726-728). <br><br> January 28, 1992, letter from Harris Zimmerman (AE0732-734). <br><br> 1996 J. Fogerty Decl. ¶ 21 (AE0528). | Undisputed | |

-31-

| D6 | According to a sworn statement by Fogerty in 1996, it was during a prior lawsuit against CCR's former accountants and attorneys that it "came to our attention that no trademark registration had ever been filed for the CCR name," and "as a result," Tom Fogerty located an attorney who "took care of the necessary paperwork to register the group's service mark on behalf of the four members of CCR." | 1996 J. Fogerty Decl. ¶ 16 (AE0527). | Undisputed | |
|---|---|---|---|---|
| D7 | Fogerty was aware of and approved of the application to register the CREEDENCE CLEARWATER REVIVAL mark in the name of the partnership at the time the application was being prosecuted. | 1996 J. Fogerty Decl. ¶¶ 16-17, Exhs. D-E (AE0527, AE0541-546). | Disputed; the cited evidence does not support the assertion that the application was in the name of the "partnership" | 1996 J. Fogerty Decl. ¶¶ 16-17, Ex. D [AE0527, 0541-44] |
| D8 | In fact, John and Tom Fogerty's brother Robert Fogerty, who was John Fogerty's office manager during the time when the trademark application was being prosecuted in the early 1980's, delivered six CCR album covers to trademark counsel to assist in registering the mark. | Deposition of Robert Fogerty, June 24, 2016 ("R. Fogerty Dep.") 32:10-13, 71:23-72:20 (AE0454-456). | Undisputed that Robert Fogerty delivered materials to trademark counsel  Disputed as to insinuation that Robert Fogerty's actions or knowledge are attributable to John Fogerty. Robert Fogerty testified that he delivered the materials at Tom Fogerty's request. | R. Fogerty Dep. 72:21-73:1 (stating Tom Fogerty, not John Fogerty, requested delivery of materials to trademark counsel) [AE0456-57]. |
| D9 | The application matured into CCR's U.S. Trademark Registration No. 1222931 ("'931 Reg."), issued by the United States Patent and Trademark Office ("USPTO") on January 4, 1983, for the | '931 Reg. (AE0520-521).  1996 J. Fogerty Decl. ¶¶ 16-17 (AE0527). | Undisputed | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 2 3 4 5 6 | | Mark CREEDENCE CLEARWATER REVIVAL for "entertainment services—namely, a vocal and instrumental group" in International Class 41.  The registration issued in the name of the CCR partnership. | | | |
| 7 8 9 10 11 12 13 14 15 16 | D10 | In addition to the CCR Reg., CCR owns all common law rights related to the Creedence Clearwater Revival Mark and its derivatives (collectively the "CCR Mark"). | J. Fogerty Dep. 19:15-20:15, 22:25-23:23, 33:10-21 (AE0280-281, AE0283-285). | Disputed; the 931 Reg. has been abandoned and the identity of the registrant is irrelevant. Additionally, the CCR band (and the partnership consisting of the band's members) has not provided entertainment services as a vocal and instrumental group for 25 years, and thus, the mark has been abandoned through non-use. | Cook Depo. at pp. 124:22-125:14 [AE0414-15]. |
| 17 18 19 20 21 | D11 | In or about February and March 1992, Cook, Clifford, Fogerty and Ms. Fogerty executed an Assignment of Trademark, which was subsequently recorded with the USPTO ("Assignment"). | TM Assignment (AE0555-559).  1996 J. Fogerty Decl. ¶ 21, Exh. H (AE0528). | Undisputed | |
| 22 23 24 25 26 | D12 | The Assignment states that "CREEDENCE CLEARWATER REVIVAL, *a firm* consisting of John Fogerty, Doug Clifford, Stu Cook and Tom Fogerty is the owner of" the CCR Mark. | TM Assignment (AE0555-559).  1996 J. Fogerty Decl. ¶ 21, Exh. H (emphasis added) (AE0528, AE0552-554). | Undisputed as to statement.  Disputed that an entity can "own" a trademark, independent of use in commerce. | |
| 27 28 | D13 | The Assignment also states that Tom Fogerty passed away and Ms. Fogerty is his sole heir. | TM Assignment (AE0555-559).  1996 J. Fogerty | Undisputed | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | Decl. ¶ 21, Exh. H (AE0528, AE0553-554). | | |
|---|---|---|---|---|---|
| D14 | The Assignment further provides "it is the intention of the parties and the purpose of this Assignment to substitute Tricia Fogerty in the place and stead of the deceased Tom Fogerty *in said partnership* for the sole purpose of establishing her ownership interest in and to said service mark and the registration thereon, and for no other purpose." | TM Assignment (AE0555-559).<br><br>1996 J. Fogerty Decl. ¶ 21, Exh. H (emphasis added) (AE0528, AE0552-554). | Undisputed as to statement.<br><br>Disputed in that statement conflicts with the parties' intent and course of conduct. The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. The 1991 attempted assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner. | *See* evidence associated with P35-P44, above [AE0727-34] |
| D15 | Additionally, the Assignment states "the interest of said Tom Fogerty, solely in connection with his interest in the Service Mark: CREEDENCE CLEARWATER REVIVAL and the registration thereon, together with the goodwill of the business with which said mark was used, *is hereby sold, transferred and assigned to CREEDENCE CLEARWATER REVIVAL, a firm consisting of John* | TM Assignment (AE0555-559).<br><br>1996 J. Fogerty Decl. ¶ 21, Exh. H (emphasis added) (AE0552-554). | Undisputed as to statement.<br><br>Disputed in that statement conflicts with the parties' intent and course of conduct. The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. The 1991 attempted | *See* evidence associated with P35-P44, above [AE0727-34] |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | ***Fogerty, Doug Clifford, Stu Cook and Tricia Fogerty***, as heir to the deceased Tom Fogerty." | | assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner. | |
| | **The Partnership's License To Poor Boy For Use Of CREEDENCE CLEARWATER REVISITED** | | | |
| D16 | On or about March 1, 1995, Clifford, Cook and Ms. Fogerty, a majority of the CCR partners, executed a Licensing Agreement ("License") on behalf of CCR, for a term of ten years with an option for an additional ten years, with Poor Boy Productions, Inc. ("Poor Boy"). | License (AE0735-742). | Undisputed that Clifford, Cook, and Ms. Fogerty on or about March 1, 2015 executed a purported license to Clifford and Cook's company, Poor Boy.<br><br>Disputed that Ms. Fogerty is or ever was a CCR partner. | *See* evidence associated with P33-P45, above |
| D17 | Among other things, the License granted Poor Boy the right to use the name CREEDENCE CLEARWATER REVISITED ("REVISITED Mark"), in connection with musical performances. | License (AE0736). | Undisputed that the 1995 License purported to grant Poor Boy the right to use the name CREEDENCE CLEARWATER REVISITED in connection with musical performances.<br><br>Disputed that the 1995 License was a valid grant. | 1996 J. Fogerty Decl. ¶¶ 24-25 [AE0529-30]. |
| D18 | John Fogerty was provided a copy of the Poor Boy License to review and sign but he objected to its terms and refused to sign it. | Declaration of Kenneth I. Sidle ("Sidle Decl."), ¶¶ 7-10, N-T (AE0572-573, AE0580-AE0610). | Disputed;  John Fogerty's former counsel, Kenneth Sidle, was provided a copy of the Poor Boy License only *after* it was signed by Clifford, Cook, and | Declaration of Kenneth I. Sidle ("Sidle Decl."), ¶¶ 7-10, N-Q [AE0569-610]. |

| | | | | Tricia Fogerty and *after* Poor Boy was already operating under the purported license.  The "license agreement had never before been provided to or otherwise disclosed to [Mr. Sidle]…" | |
|---|---|---|---|---|---|
| | D19 | Shortly after the License was executed, Poor Boy began exploiting the REVISITED Mark, through live performances. | 1996 J. Fogerty Decl. ¶ 24 (AE0529-530). | Undisputed | |
| | **The 1996 Action Regarding Plaintiffs' Use of The REVISITED Mark** | | | | |
| | D20 | On July 2, 1996, Fogerty filed a Complaint in the United States District Court Central District of California Western Division against Poor Boy, Cook, Clifford and Ms. Fogerty styled *Fogerty v. Poor Boy Productions, Inc., et al.*, Case No. CV 96-4634 RMT (RNBx) alleging, among other things, that Fogerty was synonymous with the CCR Mark and that there was therefore infringement and a likelihood of confusion regarding Fogerty's association with CREEDENCE CLEARWATER REVISITED. | 1996 Complaint (AE0870-AE0891). | Undisputed | |
| | D21 | Fogerty also alleged that all members of CCR had originally agreed that all decisions regarding the group, including the use of the CCR Mark, required unanimous (as opposed to majority) consent. | 1996 Complaint, ¶ 13 (AE0874-AE0875)  Sidle Decl., ¶ 9, Exhibit Q and T (AE0573, AE0597-599, | Undisputed | |

| | | | | | |
|---|---|---|---|---|---|
| | | | AE0606-AE0610). | | |
| | D22 | Fogerty further alleged that Messrs. Cook and Clifford had breached their fiduciary duties to Fogerty through self-dealing in the License with Poor Boy for use of the REVISITED name. | 1996 Complaint, ¶¶ 57, 65 (AE0884, AE0886). | Undisputed | |
| | D23 | Fogerty did not allege, and indeed denied, that a partnership existed. | 1996 Complaint, ¶ 16 (AE0875). | Disputed; the cited evidence does not support Defendant's assertion that John Fogerty denied a partnership existed.<br><br>John Fogerty's position in 1995 was that CCR was "not a currently operating partnership." | Sidle Decl., Ex. T [AE0606-10] |
| | D24 | Fogerty pled no breach of fiduciary with respect to Clifford and Cook's alleged failure to affirmatively license the CCR Mark to any party other than Poor Boy. | 1996 Complaint (AE0870-AE0891). | Undisputed. | |
| | D25 | Messrs. Clifford and Cook counterclaimed against John Fogerty for breach of fiduciary duty and slander for his: (a) mis-statements as to their role in the band; (b) urging of the public to boycott CCR music; (c) actions to prevent Cook and Clifford from performing at the group's induction into the Hall of Fame; (d) actions to prevent the group's recorded performance at Woodstock to be included in a theatrical re-release of | 1996 Answer and Counterclaims, ¶¶ 93(a)-(d) and 97-99 (AE0910-914). | Undisputed that Messrs. Clifford and Cook filed a counterclaim claiming the stated allegations. | |

-37-

| | | | | |
|---|---|---|---|---|
| | | the historical film of that concert; and (e) false statements to USA Today that he taught Cook and Clifford "how to play their instruments." | | | |
| | D26 | As a predicate to their breach of fiduciary duty claim, Messrs. Cook and Clifford alleged that there was a partnership consisting of John Fogerty, Cook, Clifford and Patricia Fogerty. | 1996 Answer and Counterclaims, ¶ 92 (AE0910). | Undisputed that Messrs. Cook and Clifford alleged that there was a partnership consisting of John Fogerty, Cook, Clifford and Patricia Fogerty.<br><br>Disputed that such a partnership, with the inclusion Patricia Fogerty, in fact existed. | *See* evidence associated with P15-47, above |
| | D27 | Fogerty denied the existence of this or any partnership in his Answer to the Counterclaims. | 1996 Answer to counterclaims, ¶ 92 (AE1088); Sidle Decl., Exhibit T (AE0606-AE0610). | Undisputed that John Fogerty has denied the existence of a partnership that includes Patricia Fogerty.<br><br>Disputed; John Fogerty's position was that CCR, consisting of the original band members, was "not a currently operating partnership." | Sidle Decl., Ex.T [AE0606-10] |
| | D28 | Furthermore, as an affirmative defense to the Counterclaims, Fogerty asserted that if a partnership existed, Cook and Clifford's "remedy for such claims ***is limited to an action in equity for dissolution of the alleged partnership***." | 1996 Answer to Counterclaims, p. 7, ¶ 10 (emphasis added) (AE1093). | Undisputed | |
| | D29 | Fogerty also sought and obtained a preliminary injunction against the | October 11, 1996, Order Granting Preliminary | Undisputed | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | Defendants in that action from performing under the REVISITED Mark. | Injunction (AE0988-990). | |
| | D30 | At the time of the 1996 lawsuit, Fogerty knew that Cook and Clifford had not sought to license the CCR Mark to any party other than Poor Boy for a period of the 24 years since the band broke up, and that the License did not mention or allow third-party licensing by Poor Boy. | 1996 J. Fogerty Decl. ¶ 24 (AE0529).<br><br>License (AE0735-742).<br><br>Declaration of Stuart Cook in Support of Motion for Summary Judgment ("Cook Support Decl."), ¶¶ 2-3 (AE1072). | Disputed; none of the cited evidence supports the assertion that, in 1996, John Fogerty knew that Cook and Clifford had not sought to license the CCR Mark to any party other than Poor Boy for a period of the 24 years since the band broke up.<br><br>At minimum, Mr. Fogerty was aware that Cook and Clifford had in 1984 participated in seeking to license to David E. Dover.<br><br>Poor Boy's alleged inability to engage in third party licensing is immaterial because Messrs. Cook and Clifford , as CCR Partners, could still seek to license the CCR mark. | CCR0000508-511 [AE0833-37] |
| | D31 | Fogerty also knew at the time of the 1996 lawsuit that the CCR Mark had been "used exclusively to refer to the recordings and performances of CCR . . . ." | 1996 J. Fogerty Decl. ¶ 27 (AE0530-531). | Undisputed as to statement.<br><br>Disputed as to insinuation that non-exclusive licensing of the CCR Mark was not feasible or advisable.  For example, in 1984, Mr. Fogerty was willing to enter into a non-exclusive license with David E. Dover  for | CCR0000508-511 [AE0833-37] |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | Mr. Dover to arrange stage shows in tribute to CCR. | |
|---|---|---|---|---|---|
| D32 | In the 1996 lawsuit, Fogerty testified that he always valued "the preservation of CCR's artistic integrity and reputation" over the opportunity to make more money by exploiting the CCR brand, and testified that it was "always his expressed belief . . . that *the value of an artist's work becomes diluted* when combined with works by others and *when used to advertise products*." | 1996 J. Fogerty Decl. ¶ 11 (emphasis added) (AE0526). | Disputed; John Fogerty made this statement with respect to including CCR master recordings in compilation recordings, advertisements, and film and television soundtracks. Defendant's cited evidence makes no mention of the "CCR brand" or marks. | 1996 J. Fogerty Decl. ¶¶ 10-12 [AE0525-26]. |
| D33 | Fogerty testified that when the band was still together, "CCR did not agree to have commercial sponsors or tie-ins for any of its tours, *nor did it consent to do endorsements of any products*. We turned down hundreds of thousands of dollars offered to us for such commercial tie-ins and endorsements in an effort to maintain CCR's artistic integrity." | 1996 J. Fogerty Decl. ¶ 29 (emphasis added) (AE0531). | Undisputed | |
| D34 | Fogerty testified: "I have repeatedly made the other members of CCR well aware of my feelings about preserving the integrity of CCR's name and reputation, and it is especially distressing to me when I become aware of efforts by them to essentially 'sell out' CCR's artistic integrity in exchange for the promise of a few additional | 1996 J. Fogerty Decl. ¶ 30 (AE0531). | Undisputed as to statement.<br><br>Disputed as to insinuation that John Fogerty prevented Messrs. Cook and Clifford from engaging in licensing activities.  As a preliminary matter, Messrs. Clifford and Cook have maintained that they do not | Sidle Decl., Exs. N and O [AE0580-92]<br><br>Clifford Depo. at pp. 73:20-74:2; 161:22-162:1 [AE0332-33, 0358-59];<br><br>Cook Depo. at p. 23:10-18 [AE0387]. |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 | | dollars." | | believe that they need Mr. Fogerty's consent, but rather, they believe that the consent of the majority members of CCR is "sufficient" for any action they wish to take on behalf of CCR. Moreover, John Fogerty was not opposed to properly exploiting the CCR brand or licensing activities as exemplified by: (1) his willingness license to Warner Home Video the right to use the CCR name and videotape footage of members of CCR from their show at Woodstock; (2) his willingness to license to David E. Dover the right to arrange stage shows in tribute to CCR; and (3) his willingness to agree to terms upon which he would consent to Cook and Clifford's use of the CCR name. | P. Fogerty Depo. at Ex. 40 [AE0708-24]<br><br>CCR0000508-511 [AE0833-37] |
| 21 | D35 | Messrs. Clifford and Cook reasonably relied on Fogerty's statements, and the position Fogerty took for ***nearly thirty-five years*** by the time of the 2001 Settlement Agreement, and for ***fourteen years*** thereafter, on his opposition to exploiting the CCR brand. Accordingly, they only licensed the CCR Mark to Poor Boy, which itself resulted in extensive | Cook Support Decl. ¶¶ 2-4, 6 (AE1072-074). | Disputed; John Fogerty did not prevent Messrs. Clifford and Cook from maximizing the value of the CCR brand and mark. As Messrs. Clifford and Cook have maintained, they do not believe that they need Mr. Fogerty's consent, but rather, they believe that the | Sidle Decl., Exs. N and O [AE0580-92]<br><br>Clifford Depo. at pp. 73:20-74:2; 161:22-162:1 [AE0332-33, 0358-59];<br><br>Cook Depo. at p. 23:10-18 [AE0387]. |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| 1 | | litigation with Fogerty. | | consent of the majority members of CCR is "sufficient" for any action they wish to take on behalf of CCR.  Moreover, John Fogerty was not opposed to properly exploiting the CCR brand or licensing activities as exemplified by: (1) his willingness license to Warner Home Video the right to use videotape footage of members of CCR from their show at Woodstock; (2) his willingness to license to David E. Dover the right to arrange stage shows in tribute to CCR; and (3) his willingness to agree to terms upon which he would consent to Cook and Clifford's use of the CCR name. | P. Fogerty Depo. at Ex. 40 [AE0708-24]

CCR0000508-511 [AE0833-37] |

**The Ninth Circuit Reverses The District Court's Grant Of A Preliminary Injunction, And The Parties Settle The 1996 Action**

| | | | | | |
|---|---|---|---|---|---|
| D36 | The Ninth Circuit Court of Appeals reversed the district court's order granting Fogerty a preliminary injunction, in an unpublished opinion in *Fogerty v. Poor Boy Productions, Inc., et al.,* 124 F.3d 211 (9th Cir. 1997), finding that there was no evidence that the American public believed that Fogerty was associated with CREEDENCE CLEARWATER | 9th Circuit Order (AE0566-568). | Undisputed | |

| | | | | | |
|---|---|---|---|---|---|
| 1 | | REVISITED. | | | |
| 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 | D37 | The Ninth Circuit also found that Fogerty could not sue for trademark dilution under the Lanham Act since the CCR partnership owned the CCR Mark. | 9th Circuit Order (AE0568). | Disputed; in a footnote, and as dicta, the Ninth Circuit stated that "[a]s and individual partner in the partnership that owns the Creedence mark …Fogerty cannot sue on his own behalf for 'trademark dilution' under section 43(c) of the Lanham Act. … The record does not support Fogerty's efforts to deny that a partnership owns the mark or that it makes decisions regarding the mark by majority vote. ***However, we need not resolve this issue to determine whether Fogerty is likely to prevail on his section 43(a) claim.***" | 9th Circuit Order [AE0566-68]. |
| 17 18 19 20 21 22 23 24 25 26 27 | D38 | The Ninth Circuit further found that "the record does not support Fogerty's efforts to deny that a partnership owned the mark or that it makes decisions regarding the mark by majority vote." | 9th Circuit Order (AE0568). | Disputed; in a footnote, and as dicta, the Ninth Circuit stated "The record does not support Fogerty's efforts to deny that a partnership owns the mark or that it makes decisions regarding the mark by majority vote. ***However, we need not resolve this issue to determine whether Fogerty is likely to prevail on his section 43(a) claim.***" | 9th Circuit Order [AE0566-68] |
| 28 | D39 | After the Ninth Circuit reversed the district court's | Settlement Agreement | Undisputed | |

| | | | | | |
|---|---|---|---|---|---|
| | | preliminary injunction order, through counsel, the parties entered into a settlement agreement ("Settlement Agreement") on or about January 9, 2001 that resulted in a dismissal with prejudice of the action. | (AE0612-614). | | |
| | D40 | The parties agreed in paragraph 1 of the 2001 Settlement Agreement to dismiss their claims and counterclaims with prejudice. | Settlement Agreement, ¶ 1 (AE0612). | Undisputed | |
| | D41 | To that end, the parties submitted a stipulation to dismiss the case with prejudice, on January 19, 2001. | January 19, 2001, Stipulation and Order Re: Dismissal of Action With Prejudice, entered by the Court on January 26, 2001 ("1996 Stip and Order to Dismiss") (AE0992-994). | Undisputed the parties submitted a stipulation to dismiss the 1996 case with prejudice,<br><br>Disputed as to insinuation that the stipulation to dismiss was solely based on paragraph 1 of the 2001 Settlement Agreement. | *See* 2001 Settlement Agreement generally [AE0611-14]. |
| | D42 | The District Court, the Honorable Robert M. Takasugi presiding (now deceased) ordered dismissal on January 26, 2001 and it was entered by the clerk on January 29, 2001. | 1996 Stip and Order to Dismiss (AE0992-994). | Undisputed | |
| | D43 | Pursuant to Paragraph 2(a) of the Settlement Agreement, Fogerty further agreed to withdraw his objection to Poor Boy, Clifford's and Cook's performing and selling merchandise under the REVISITED Mark in exchange for a one-time $100,000 payment and ongoing royalties. | Settlement Agreement, ¶ 2(a) (AE0612). | Disputed; paragraph 2(a) of the Settlement Agreement only provides: "John will withdraw his objection to Messrs. Clifford's and Cook's performing under the name 'Creedence Clearwater Revisited." | Settlement Agreement, ¶ 2(a) [AE0612] |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| D44 | Fogerty admits that "the Settlement Agreement obligated Fogerty to request dismissal of the pending lawsuit and served as a covenant not to sue" or "not to initiate a lawsuit for the same claims of . . . Breach of Fiduciary Duty . . . against the defendants to that action." | Fogerty's Responses and Objections to First Set of Interrogatories ("Fogerty ROG Responses"), 14:8-15; 18:6-15 (AE0260, AE0264). | Disputed insofar as the evidence presented is incomplete and/or out of context.  Mr. Fogerty's statement continues "In other words, the Settlement Agreement obligated Mr. Fogerty to request dismissal of the pending lawsuit and served as a covenant not to sue with respect to the core contention contained in that lawsuit: *namely, that Cook and Clifford were improperly using the 'Creedence' name to describe a band that did not include Mr. Fogerty.*" | Fogerty ROG Responses 14:8-19 [AE0260]. |
| D45 | The parties also agreed that Clifford, Cook and Ms. Fogerty "will not authorize" any other persons or entities to perform under the names CREEDENCE, CREEDENCE CLEARWATER or any derivative of those names without the prior written permission of Fogerty, "which may be granted or withheld in John's sole discretion." | Settlement Agreement, ¶ 2(c) (AE0612-613). | Undisputed as to language of Settlement Agreement. Disputed as to insinuation that this provision prohibits Defendants from pursuing licensing opportunities to which John Fogerty could consent. | Settlement Agreement, ¶ 2(c) [AE0612]. |
| D46 | Qualifying this language, the Settlement Agreement states: "In other words, the 'license' to Messrs. Clifford and Cook is a one-time thing, personal to them jointly and not available for sublicensing or assignment." | Settlement Agreement, ¶ 2(c) (AE0612-613). | Undisputed | |
| D47 | The Settlement Agreement | Settlement | Disputed; the 2001 | |

STATEMENT OF UNCONTROVERTED FACTS

| | | also prohibits Poor Boy, Clifford and Cook from selling merchandise under any name other than REVISITED. | Agreement, ¶ 2(b) (AE0612). | Settlement agreement prohibits Poor Boy, Clifford, and Cook from selling merchandise under any name other than REVISITED "in connection with their performing and performing-related activities." | |
|---|---|---|---|---|---|
| | **Fogerty's Behavior, And Plaintiffs' Reliance On Fogerty's Promises And Actions, Since The 2001 Settlement Agreement** | | | | |
| | D48 | Because the Settlement Agreement prohibits Clifford and Cook from using any variation of the CCR Mark except the REVISITED Mark or authorizing third parties from using the CCR Mark without prior written approval from Fogerty, Clifford and Cook reasonably believed they could not actively license the CCR Mark to third parties. | Cook Support Decl. ¶¶ 3-6 (AE1072-074).<br><br>Declaration of Douglas Clifford in support of Motion for Summary Judgment ("2017 Clifford Support Decl."), ¶ 3 (AE01065). | Disputed; Clifford and Cook's alleged belief, if true, was not reasonable as John Fogerty had previously agreed to licensing with third parties ( i.e. licensing to Warner Home Video the right to use videotape footage of members of CCR from their show at Woodstock and agreeing to license to David E. Dover the right to arrange stage shows in tribute to CCR) | P. Fogerty Depo. at Ex. 40 [AE0708-24]<br><br>CCR0000508-511 [AE0833-37] |
| | D49 | Although Clifford and Cook did not actively seek third-party licensing opportunities, all four partners agreed to license the CCR Mark to Warner Home Video for use in a 40th Anniversary Woodstock Box Set that featured Creedence Clearwater Revival performances. | Woodstock Agreement, ¶ 2 (AE0709-710).<br><br>Deposition of Stuart Cook ("Cook Dep."), July 14, 2016, 82:18-83:4 (AE0409-410). | Undisputed | |
| | D50 | Significantly, Fogerty has | 2017 Clifford | Disputed; As John | P. Fogerty |

-46-

| | | | | |
|---|---|---|---|---|
| | | at no time since the 2001 Settlement Agreement or prior to this lawsuit expressed a position contrary to his clearly stated opposition to licensing, or approached Cook, Clifford or Patricia Fogerty about licensing the CCR Mark. | Support Decl. ¶ 4 (AE1065-066).<br><br>Cook Support Decl. ¶ 6 (AE1073-074). | Fogerty's actions indicate, he was not opposed to licensing. He had previously agreed to licensing with third parties ( i.e. licensing to Warner Home Video the right to use videotape footage of members of CCR from their show at Woodstock and agreeing to license to David E. Dover the right to arrange stage shows in tribute to CCR).<br><br>John Fogerty, through his counsel, has approached  Cook and Clifford regarding monetization of the CCR Mark through a merchandising plan that Cook and Clifford rejected. | Depo. at Ex. 40 [AE0708-24]<br><br>CCR0000508-511 [AE0833-37]<br><br>Ex. 75 (2015 Clifford. Decl. ¶ 18; Exhibit F thereto) [AE0800, 0805] |
| | D51 | In fact, prior to this lawsuit, the only proposal Fogerty has brought to the partnership for consideration regarding use of the mark since the Settlement Agreement was executed was a 2011 inquiry about creating merchandise that both Fogerty and Poor Boy could sell at their respective concerts. Fogerty did not then and has not since asked for permission to use the CCR Mark in connection with his live performances. | 2015 Clifford Decl. ¶ 18; Exhibit F thereto (AE0800, AE0804-805).<br><br>J. Fogerty Dep. 73:15-18 (AE0292). | Undisputed that, in 2011, John Fogerty, through his counsel, approached Cook and Clifford regarding a joint concert merchandising plan.<br><br>Disputed to the extent Defendants insinuate that Mr. Fogerty needs to ask for permission for description and protected uses of CCR Mark. | |
| | D52 | Cook and Clifford countered with a proposal | 2015 Clifford Decl. ¶ 18; | Disputed; Cook and Clifford rejected John | Ex. 75 (2015 |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | that this type of merchandise be sold on a collectively controlled website, but Fogerty declined. | Exhibit F thereto (AE0800, AE0804-805). | Fogerty's proposal regarding a joint concert merchandising plan. The cited evidence does not support the assertion that John Fogerty declined Cook and Clifford's counterproposal. | Clifford. Decl. ¶ 18; Exhibit F thereto) [AE0800, 0805] |
| | D53 | Along with the proposal, Cook and Clifford informed Fogerty about concerns regarding bootlegging and unlicensed uses, and a proposed mechanism to stop it. Fogerty did not agree to Clifford and Cook's proposal. | 2015 Clifford Decl. ¶ 18; Exhibit F thereto (AE0800, AE0804-805). | Disputed; The cited evidence does not support the assertion that John Fogerty declined Cook and Clifford's counterproposal. | |
| | D54 | Clifford and Cook also proposed to seek, along with Fogerty, opportunities to sell merchandising through retail outlets. Fogerty did not agree to this proposal either. | 2015 Clifford Decl. ¶ 18; Exhibit F thereto (AE0800, AE0804-805).  2017 Clifford Support Decl. ¶ 4 (AE1065-066). | Undisputed but immaterial; the fact that the parties did not come to an agreement regarding any specific proposal does not mean that the majority partners did not have a duty to maximize revenues to the partnership.  Clifford and Cook maintained that because they constituted the majority of the partners, they did not need Fogerty's approval in order to make partnership decisions. | Clifford Depo. at pp. 73:20-74:2; 161:22-162:1 [AE0332-33, 0358-59;  Cook Depo. at p. 23:10-18 [AE0387]. |
| | D55 | In connection with the Settlement Agreement, Fogerty did not raise the issue of winding up the partnership, and the | Settlement Agreement (AE0612-614). | Disputed; the 2001 Settlement Agreement is in fact a three-page letter with several material terms.  It | 2001 Settlement Agreement at pp. 2-3 [AE0611-14]. |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | Settlement Agreement therefore did not provide for any winding up. | | expressly contemplated a long-form agreement, which Cook and Clifford did not pursue. | |
| D56 | At the time Clifford and Cook entered into the License and at the time they entered into the Settlement Agreement, and through the present date, Fogerty was and is a copartner in the CCR partnership for at least purposes of ownership of the CCR Mark and the 931 Reg. | Trademark Registration (AE0521).<br><br>Assignment (AE0556-559). | Undisputed that John Fogerty was a partner in the CCR Partnership.<br><br>Disputed that the CCR partnership is an ongoing concern. The partnership was dissolved by operation of law upon Tom Fogerty's death and has not been operational for numerous years. Disputed that the CCR partnership reformed with Patricia Fogerty in place of Tom Fogerty. | Sidle Decl., Ex. T [AE0606-10]<br><br>*See* evidence associated with P15-47, above |
| D57 | Based on Fogerty's affirmative representations through the Assignment and his subsequent conduct, Plaintiffs reasonably believed that Fogerty was and is a copartner in the CCR partnership. | Cook Support Decl. ¶ 7 (AE1074).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. The 1991 attempted assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner. | *See* evidence associated with P33-45, above |
| D58 | Fogerty stated in the Assignment that a | Assignment (AE0556-559). | Disputed; The 1992 Assignment was | *See* evidence associated |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | partnership existed and that he was a copartner in the partnership. | | nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. The 1991 attempted assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner. | with P33-45, above |
| | D59 | Fogerty has acted as a copartner in matters concerning ownership of the CCR Mark and 931 Reg. since at least 1992. | Assignment (AE0556-559).

Woodstock Agreement (AE0709-725).

Cook Support Decl. ¶ 7 (AE1074). | Disputed; The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. The 1991 attempted assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner.

John Fogerty signed the Woodstock agreement in his own name. | *See* evidence associated with P33-45, above

Ex. 40 Woodstock Agreement [AE0708-24] |
| | D60 | Fogerty's actions include Fogerty's licensing the CCR Mark as a copartner. | Woodstock Agreement, ¶ 2 (AE0709-710).

Cook Dep. 82:18-83:4 (AE0409-410). | John Fogerty signed the Woodstock agreement in his own name. | Ex. 40 Woodstock Agreement [AE0708-24] |

-50-

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | D61 | Clifford and Cook relied on Fogerty's express representations and course of conduct that he was a copartner in the CCR partnership from at least the time of the Assignment and through the present date. | Cook Support Decl. ¶ 7 (AE1074).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; The partnership was dissolved by operation of law upon Tom Fogerty's death and has not been operational for numerous years.  The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons. | Sidle Decl., Ex. T [AE0606-10]<br><br>See evidence associated with P33-45, above |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | D62 | Indeed, given Fogerty's acknowledgement of the partnership that includes Patricia Fogerty through the Assignment, and the Ninth Circuit's finding that the record supported the existence of a partnership, Clifford and Cook would not have agreed to settle the 1996 action if they anticipated Fogerty would claim or sue for dissolution of partnership, and wind-up. | Cook Support Decl. ¶ 5 (AE1073).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; The 1992 Assignment was nothing more than an effort to secure Patricia Fogerty's financial interest in Tom Fogerty's estate after a 1991 Assignment to that effect failed for wording reasons.  The 1991 attempted assignment and letters from trademark counsel undermine assertion that the parties intended to make Patricia a partner.<br><br>The Ninth Circuit stated: "The record does not support Fogerty's efforts to deny that a partnership owns the mark or that it makes decisions regarding the mark by majority | See evidence associated with P33-45, above<br><br>9th Circuit Order [AE0566-68] |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | vote. ***However, we need not resolve this issue to determine whether Fogerty is likely to prevail on his section 43(a) claim***." |
| | | | Dissolution occurred by operation of law. |
| | **The Parties' Allegations In This Case** | | |
| D63 | In their Second Amended Complaint, Plaintiffs (the partnership Creedence Clearwater Revival, Clifford, Cook, Patricia Fogerty and Poor Boy) allege in relevant part that John Fogerty has (a) infringed on the CCR Mark and (b) breached the parties' 2001 Settlement Agreement by stating that Poor Boy, Clifford and Cook's use of the "Revisited" name "breaks a longstanding band agreement." | SAC, ¶¶ 24-33 (AE0007-AE0010). | Undisputed that Defendants make such allegations |
| D64 | They allege, among other things, trademark infringement and unfair competition, breach of contract and the implied covenant of good faith and fair dealing, and breach of fiduciary duty. | SAC ¶¶ 35-46, 50-62 (AE0010-014). | Undisputed that Defendants make such allegations |
| D65 | In his Answer to the Second Amended Complaint, John Fogerty alleges counterclaims for breach of fiduciary duty and for judicially supervised winding up of the partnership. | Counterclaims ¶¶ 7-20 (AE0080-082). | Undisputed |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| D66 | In direct contrast to his allegations and denial in the 1996 action, Fogerty now alleges that the original band members (John Fogerty, Tom Fogerty, Clifford and Cook) formed a California partnership that existed until at least 1990. | Counterclaims ¶¶ 8-9 (AE0080).<br><br>Fogerty ROG Responses, 19:16-19 (AE0265). | Disputed; John Fogerty's position in 1995 was that CCR was "not a currently operating partnership." This is consistent with John Fogerty's present position. | Sidle Decl., Ex. T [AE0606-10] |
| D67 | Fogerty further alleges that the partnership dissolved by operation of law under the Uniform Partnership Act then in effect in California when Tom Fogerty passed away in 1990. | Counterclaims ¶¶ 8-9 (AE0080).<br><br>Fogerty ROG Responses, 19:21-25 (AE0265). | Undisputed | |
| D68 | Fogerty also alleges in paragraph 10 that, since the death of Tom Fogerty, Clifford and Cook have failed to wind up the partnership and "instead have used their majority control to usurp the assets and business opportunities of the partnership for their own benefit, and to the exclusion of John Fogerty." | Counterclaims, ¶ 10 (AE0080).<br><br>Fogerty ROG Responses, 16:2-6 (AE0262). | Undisputed | |
| D69 | However, Fogerty himself never sought to wind up the original CCR partnership prior to this lawsuit. | J. Fogerty Dep. 65:8-12 (AE0291). | Disputed as to insinuation that John Fogerty had any ability to wind up the CCR partnership. Since the death of Tom Fogerty in 1990, Cook and Clifford have held majority control of the partnership and assumed total decision-making power. | Fogerty ROG Responses 9:5-15 [AE0255]. |
| D70 | Since the Settlement Agreement and until Fogerty raised them in this case, Fogerty never | Cook Support Decl. ¶¶ 2, 4-5, 7 (AE1072-074). | Disputed; the 2001 Settlement Agreement is in fact a three-page letter with several | 2001 Settlement Agreement, pp. 2-3 |

-53-

| | | disclosed to Plaintiffs that he claimed no second partnership with Patricia Fogerty existed and that the original Creedence Clearwater Revival partnership that included Tom Fogerty must be wound up. | 2017 Clifford Support Decl. ¶ 3 (AE1065). | material terms.  It expressly contemplated a long-form agreement, which Cook and Clifford did not pursue.<br><br>John Fogerty, through his counsel, had previously questioned Cook and Clifford regarding the status of the partnership: "If there is a written partnership agreement evidencing the partnership 'governed by a simple majority' to which your Licensing Agreement refers, we would appreciate it if you would send to us a copy of that written agreement as soon as possible.  Even if the group was a partnership as recited in your purported Licensing Agreement, the dissolution of the partnership, absent some agreement to the contrary, results in the transfer of partnership assets such as the name to the individual members of the group…" | [AE0611-14]<br><br>Sidle Decl., Ex. P [AE0593-96] |
| D71 | | Fogerty claims that Clifford and Cook began breaching their fiduciary duties to Fogerty since 1990 when Tom Fogerty passed away. | Fogerty ROG Responses, 15:27-16:6 (AE0261-262). | Undisputed | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| D72 | In that regard, Fogerty alleges that Clifford and Cook have co-opted for themselves the benefits of the partnership assets by "authorizing themselves (and only themselves) to utilize the CCR brand and marks, while fully aware that they do not have the ability to maximize the value of the brand and marks, and that the revenues attributable to their own personal touring efforts would be a small fraction of the sum that could be obtained had they exercised their fiduciary duty to maximize the value of the assets for all of the partners." | Counterclaims, ¶ 11 (AE0080-081).<br><br>Fogerty ROG Responses, 16:6-14 (AE0262). | Undisputed | |
| D73 | This allegation specifically refers to the 1995 License Agreement that authorized performances and merchandising using the CCR Mark. | Counterclaims, ¶ 11 (AE0080-081). | Disputed; John Fogerty's counterclaim is broader in scope, including the assertion that Cook and Clifford do not have the ability to maximize the value of the brand and marks | Counterclaims, ¶ 11 [AE0080-81]. |
| D74 | However, until this lawsuit, Fogerty has never raised with Clifford or Cook any concern that the partnership is not fully exploiting the CCR Mark. | Cook Support Decl. ¶ 6 (AE1073-074).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; for example, in 1984, John Fogerty advocated for pursuing licensing activity of the CCR Mark in order to "establish a value to the CCR name." | CCR0000506 [AE0832] |
| D74A | Clifford and Cook have been prejudiced by Fogerty's long delay in asserting his counterclaims in this case. | Cook Support Decl. ¶¶ 5, 8 (AE1073-074).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; the CCR partnership has not been operational for many years and therefore a winding up now is not prejudicial. | *See See* evidence associated with P48-57, above<br><br>2001 |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | | |
|---|---|---|---|---|---|
| | | | | John Fogerty's counterclaim for breach of fiduciary duty does not affect Cook and Clifford's right to perform under the Revisited name pursuant to the 2001 Settlement Agreement. | Settlement Agreement [AE0611-14] |
| | D75 | Although it was not specifically pled in his pleading or disclosed in his discovery responses, Fogerty attempts to now present expert testimony that alleges that Clifford and Cook should also have been licensing the CCR Mark to third parties from 2001 to the present. | Martin Report (AE0996-1026).<br><br>Counterclaim (AE0079-083).<br><br>Fogerty ROG Responses (AE0247-275). | Disputed; John Fogerty pled that Cook and Clifford breached their fiduciary duties by failing to "maximize the value of the brand and marks", which could have been accomplished through licensing activities. | Counterclaims [AE0079-83]. |
| | D76 | In fact, Fogerty's expert states he is prepared to testify that the partnership owes Fogerty $45 to $50 million in damages for not fully exploiting the CCR brand. | Martin Report, p. 3 (AE1000) | Disputed; damages to John Fogerty are 25% of the damages to the CCR partnership (i.e. $11.25- $12.5 million) | Martin Report, p. 23 [AE1020]. |
| | D77 | Specifically, Fogerty's expert states he is prepared to testify that the partnership has lost revenue opportunities, by: (1) not engaging in online and retail merchandising; (2) not licensing the CCR brand for Broadway-type theatrical shows; (3) not licensing the CCR brand for Las Vegas-type shows; (4) not charging a higher royalty rate to Poor Boy, despite the fact that Fogerty agreed to the rate he is paid through the Settlement Agreement; (5) not going after bootleggers. | Martin Report generally, and summary on p. 11 (AE1008). | Undisputed | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| D77A | Clifford and Cook's expert Owen Sloane disputes Mr. Martin's opinions, but the basis for Mr. Martin's opinions is not at issue in this Motion. | Sloane Report (AE1028-056). | Undisputed that Mr. Sloan disputes Mr. Martin's opinions | |
| D78 | Since 1996, Poor Boy has continued to license the REVISITED Mark from the CCR partnership under Clifford and Cook's reasonable belief that the partnership including Patricia Fogerty has continued to exist and that Fogerty did not take issue with licensing the mark only to Poor Boy. | Cook Support Decl. ¶¶ 6-7 (AE1073-074).<br><br>2017 Clifford Support Decl. ¶ 3 (AE1065). | Disputed; Cook and Clifford had no reasonable belief that a partnership with Patricia Fogerty ever existed or "has continued to exist." John Fogerty, through his counsel, had previously questioned Cook and Clifford regarding the status of the partnership: "If there is a written partnership agreement evidencing the partnership 'governed by a simple majority' to which your Licensing Agreement refers, we would appreciate it if you would send to us a copy of that written agreement as soon as possible.  Even if the group was a partnership as recited in your purported Licensing Agreement, the dissolution of the partnership, absent some agreement to the contrary, results in the transfer of partnership assets such as the name to the individual members of the group…" | Sidle Decl., Ex. P [AE0593-96] |
| D79 | In this case, Fogerty again maintains that any use of | J. Fogerty Dep. 37:11-22; 39:11- | Disputed; the evidence cited is in | J. Fogerty Dep. 37:11-22; |

| | | | | |
|---|---|---|---|---|
| | | the CCR Mark requires unanimous consent of the partners, and that he considers his promise in this regard "binding and sacred." | 22; 122:8-123:17 (AE0286-287, AE0301-302). | regards to historical facts | 39:11-22; 122:8-123:17 [AE0286-87, 0301-02]. |
| | D80 | Since 2001, Messrs. Clifford and Cook have placed both John Fogerty and other performing artists on notice of their infringing use of the CCR Mark and successfully ceased their infringing activity.  This is the most important infringement and less attention has been paid to any low-level Internet sales of T-shirts, particularly because the CCR Mark is currently being enforced against Mr. Fogerty. | Cook Support Decl. ¶¶ 9-10 (AE1074-075). | Disputed; Cook and Clifford as the controlling partners have failed to police or curb widespread infringement of the CCR Mark and have instead focused on using their control of the CCR Mark as a sword against their former band member. | Clifford Depo. at pp. 145:19-152:19; 154:9-159:14 [AE0343, 0350-56]; Ex. 67-74 [AE0758-94]; Cook Depo. at pp. 150:4-153:11 [AE00417-20]. |

**Facts In Rebuttal To Those Raised By Fogerty In Support Of His Motion For Summary Judgment**

| | | | | |
|---|---|---|---|---|
| | D81 | On numerous occasions since the parties executed the Settlement Agreement, Clifford and Cook have put Fogerty, his advertisers and promoters on notice of his unauthorized use of the CCR mark, and Fogerty has ceased the unauthorized use. | 2015 Clifford Decl. ¶ 15; Exhibits C-E thereto; Depo. Ex.'s 18 and 19. (AE0799, AE0803J-803T, AE0615-AE0623). | Undisputed that Clifford and Cook have sent threatening letters. Disputed that Fogerty engaged in any illegal conduct with respect to the CCR mark or that any cessation of use was legally necessary. | J. Fogerty Depo., pp. 147:16- 148:12 [AE0303-04] |
| | D82 | In the spring of 2011, Fogerty approached Clifford and Cook, through counsel, and asked them to authorize Fogerty's creation of a T-shirt using the CCR Mark for sale at John Fogerty concerts. | 2015 Clifford Decl. ¶ 18; Exhibit F thereto (AE0800, AE0804-805) | Disputed; mischaracterizes the evidence, which speaks for itself.  John Fogerty's proposal was that *all* former CCR band members would mutually agree to and *all* be allowed to sell such | |

-58-

| | | | | merchandise. | |
|---|---|---|---|---|---|
| | D83 | Clifford and Cook declined, but offered an alternative arrangement through counsel that Fogerty declined. | 2017 Clifford Support Decl. ¶ 4 (AE1065-066). | Undisputed that Clifford and Cook declined Fogerty's merchandising proposal.<br><br>Clifford and Cook maintained that because they constituted the majority of the partners, they did not need Fogerty's approval in order to make partnership decisions. Therefore whether Fogerty declined Cook and Clifford's alternative arrangement is irrelevant and immaterial. | Clifford Depo. at pp. 73:20-74:2; 161:22-162:1 [AE0332-33, 0358-59];<br><br>Cook Depo. at p. 23:10-18 [AE0387]. |
| | D84 | Also in the spring of 2011, Fogerty again used the CCR Mark without permission through an advertisement in connection with a concert in Argentina. | 2015 Clifford Decl. ¶ 19 (AE0800). | Undisputed that Fogerty's advertisement in connection with a concert in Argentina stated "John Fogerty, the songs, the guitar, the voice, of Creedence".<br><br>Disputed that Fogerty needed anyone's permission for his descriptive and truthful statement. | |
| | D85 | Clifford and Cook's counsel notified Fogerty's counsel of Fogerty's unauthorized use for the Argentine concert, and Fogerty ceased using the unauthorized advertising. | 2015 Clifford Decl. ¶ 19; Exhibits G and H thereto (AE0800, AE0806-807, AE0808A-808D) | Undisputed that Clifford and Cook, through their counsel, threatened legal action if Fogerty did not change his advertisement for the Argentina Concert.<br><br>Disputed that Fogerty | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | | engaged in any illegal conduct with respect to the CCR mark or that any cessation of use of the advertisement was legally necessary | |
| D86 | In September 2011, Clifford and Cook discovered that Fogerty's advertising agency was using the CCR Mark in advertising to promote Fogerty's concerts, without permission. | 2015 Clifford Decl. ¶ 21 (AE0800). | Undisputed that in September 2011, Cook and Clifford objected to ads that stated "John Fogerty Performs Live The Albums of Creedence Clearwater Revival" and "John Fogerty Performs Live the music of Creedence Clearwater Revival"  Disputed that Fogerty's advertising agency needed Cook and/or Clifford's permission to include descriptive and truthful statements in ads. | 2015 Clifford Decl. at Exhibit J [AE0808G-08N]. |
| D87 | Consistent with their practice, Clifford and Cook sent a cease and desist letter to the advertising agency to cease use of the CCR Mark. | 2015 Clifford Decl. ¶ 21; Exhibit J thereto (AE0800, AE0808G-808N). | Undisputed that Cook and Clifford sent a cease and desist letter to the advertising agency.  The letter speaks for itself. | |
| D88 | Thereafter, Clifford and Cook's counsel received a responsive letter from John Fogerty's counsel claiming, among other things, that the letter to the advertising agency was an "unfounded harassment of our [John Fogerty's, presumably] business partners." | 2015 Clifford Decl. ¶ 22; Exhibit K thereto (AE0800-801, AE0808O-808Q). | Undisputed that Fogerty's counsel sent a letter requesting that Clifford and Cook cease their harassment of Fogerty and his advertising agency, among others. | |
| D89 | Clifford and Cook were surprised at Fogerty's response given the past acknowledgement and | 2015 Clifford Decl. ¶ 22 (AE0800-801). | Disputed that Fogerty ever acknowledged that he needed to seek permission from Cook | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | |
|---|---|---|---|
| | cooperation they had received from Fogerty. | | and Clifford regarding the descriptive and truthful content in his ads.  Disputed that any past "cooperation" by Fogerty was legally required. | |
| D90 | In December 2011, after learning of Fogerty's Ultimate Classic Rock interview, Clifford and Cook brought the article and other unauthorized use of the CCR Mark to Fogerty's attention. | 2015 Clifford Decl. ¶ 23; Exhibit L; (AE0801, AE0808R-808V). | Undisputed that Cook and Clifford's counsel sent Fogerty a letter in December 2011.  The letter speaks for itself.<br><br>Disputed that Fogerty needed anyone's permission for descriptive and truthful statement with respect to the CCR name. | |
| D91 | After subsequently learning that Fogerty was using the CCR Mark to promote himself on his own website and was offering for sale articles of clothing using the CCR Mark, Clifford and Cook sent another Cease and desist letter in January 2012. | 2015 Clifford Decl. ¶ 24; Exhibit M (AE0801, AE0808W-808CC). | Undisputed that Clifford and Cook sent Fogerty a cease and desist letter in January 2012.  The letter speaks for itself.<br><br>Disputed that Fogerty was using the CCR name in an impermissible or illegal manner. | |
| D92 | Since 2011, Fogerty has used the CCR Mark without authorization, in connection with:<br><br>(i)  advertisements for Fogerty's performances using a photograph featured in the gatefold of CCR's "Pendulum" album, using the same (and prominently-sized) font for CREEDENCE used in the Chronicle album; | Deposition Exhs. 2-3, 8, 9, 21-34, 53-54 (AE0505-519, AE0560-565, AE0624-33, AE0631B-631F, AE0634-655, AE0754-757).<br><br>SAC ¶ 27(a)-(c) (AE0007-008).<br><br>J. Fogerty Depo. at 81:16-82:9; | Disputed that Fogerty needed authorization from anyone for his descriptive and truthful references to his former band.  The cited advertisements and evidence speak for themselves.<br><br>(i) Disputed; the photograph is from photographer Baron Wolman and Cook | Deposition Transcript of Julie Fogerty at p. 45:7-17 [AE0490].<br><br>Cook Depo. at p. 49:3-10 [AE0399].<br><br>Clifford Depo. at p.47:9-22 [AE0324] |

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | | (ii) other advertisements for Fogerty's performances that prominently feature the CCR Mark;<br><br>(iii) Fogerty's Facebook page located at www.facebook.com/johnfogerty, where Fogerty attributes the page to "John Fogerty/Creedence Clearwater Revival" under the category "Musician/Band" and lists third parties who were never members of CCR as "members" of the group;<br><br>(iv) Fogerty's website located at www.johnfogerty.com, where Fogerty sells merchandise bearing variations of the CCR Mark, including images of the group; and<br><br>(v) Fogerty's performances at The Venetian hotel in Las Vegas, Nevada, in which Fogerty originally billed the show as PEACE, LOVE & CREEDENCE. | 82:17-21 (AE0295-296). | and Clifford do not know who owns the rights to the photograph. Mischaracterizes the evidence regarding how "Creedence" is used<br><br>(ii) Disputed; a subset of Fogerty advertisements refer to his former band in a truthful and descriptive manner.<br><br>(iii) Disputed; mischaracterizes the evidence in stating that Fogerty lists third parties as being members of the CCR band<br><br>(iv) Disputed; a subset of Fogerty's merchandise refer to his former band in a truthful and descriptive manner.<br><br>(v) Disputed; Fogerty did not bill the show. | J. Fogerty Depo. at p. 148:6-17 [AE0304] |
| 21<br>22<br>23<br>24<br>25<br>26 | D93 | Fogerty and his Office Manager and brother Robert Fogerty admit that he has used the CCR Mark in advertising and on his Facebook page to emphasize his affiliation and connection with CCR. | J. Fogerty Dep. 51:3-7; 85:18-25 (AE0290, AE0297);<br><br>R. Fogerty Dep. 32:10-13, 115:13-18 (AE0454, AE0458). | Disputed; Fogerty has referred to his former band name to show his connection to it. Mischaracterizes word "emphasize" which Defendant's counsel used in reference to font size. | R. Fogerty Dep. 32:10-13, 115:13-18 [AE0454, 0458]. |
| 27<br>28 | D94 | Since the 2001 Settlement Agreement and through the present, Poor Boy has | Cook Response Decl., ¶ 6 (AE1079). | Disputed; Poor Boy ceased payments to John Fogerty at the | Response of Douglas Clifford to |

| | | | | |
|---|---|---|---|---|
| | | continued to make royalty payments pursuant to the License. | | end of 2011 | Request for Admission No. 9 (Set one) [AE0228];<br><br>Response of Stuart Cook to Request for Admission No. 9 (Set One) [AE0241-42];<br><br>Clifford Depo. at p. 253:5-9 [AE0379];<br><br>Cook Depo pp. 228:21-229:7 [AE0433-34]. |
| D95 | Since at least 1972, the CCR partnership has not noticed or held any formal meetings and has not filed any state of federal tax returns. | Cook Response Decl., ¶ 7 (AE1079).<br><br>J. Fogerty Dep. 89:5-17 (AE0298).<br><br>Clifford Dep. 128:15-23 (AE0340). | Disputed; as part of an intricate tax plan formulated by their then attorneys and accountants, CCR's affairs were conducted through various entities, including a Nevada partnership called Gort Functions Co., a California corporation called Gort Functions, Inc., a Delaware corporation called Son of Gort, Inc., and a Bahamian corporation known as King David Distributors, Ltd. | Reply Declaration of John Fogerty in Support of Application for Preliminary Injunction ("1996 Fogerty PI Decl."), ¶ 3 [AE1100]. |
| D96 | Doug Clifford has missed performing at some shows of Creedence Clearwater Revisited because of throat cancer and, on a few occasions, back issues that prohibited travel. | Clifford Dep. 212:19-213:16 (AE0369-370).<br><br>Cook Dep. at 226:16-227:24 (AE0431-432). | Disputed; Clifford also admitted that he missed Revisited allegedly due to the stomach flu | Clifford Depo. at p. 211:20-24 [AE0368] |
| D97 | Mr. Fogerty's withdrawal promise in Paragraph 2(a) | Cook Response Decl., ¶ 4 | Disputed; paragraph 2(a) obligated Fogerty | 2001 Settlement |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| | | of the 2001 Settlement Agreement was a continuing obligation and meant that there was no obligation to pay royalties if Mr. Fogerty objected to Clifford, Cook and Poor Boy's use of Creedence Clearwater Revisited. | (AE1078-079). | to request dismissal of the then pending lawsuit and served as a covenant not to sue with respect to the core contention contained in that lawsuit: namely, that Cook and Clifford were improperly using the 'Creedence' name to describe a band that did not include Mr. Fogerty."   The language is written as though John is taking a present tense act to "withdraw" something that is already outstanding (i.e. the then-pending case ).<br><br>Disputed as to alleged relationship between Paragraph 2(a) and obligation to pay royalties | Agreement [AE0611-14];<br><br>Fogerty ROG Responses 14:8-19 [AE0260]. |
| | D98 | Fogerty's standard tour "rider"—the terms and conditions he demands in connection with his concerts—states that "JOHN FOGERTY SHALL NEVER BE REFERRED TO AS 'FORMERLY OF CREEDENCE CLEARWATER REVIVAL' IN ANY FORM OF BILLING AND/OR ADVERTISING. . . ." | Tour Rider, Dep. Exh. 35 at AEG14 (AE0670).<br><br>R. Fogerty Dep. 139:3-141:9 (AE0459-461). | Disputed; incomplete. The full provisions states:<br><br>"The name and logo (trademark) of John Fogerty (see annexed logo sheet, Exhibit 'A') *must* appear in all advertising and publicity in approved form only…<br><br>JOHN FOGERTY SHALL NEVER BE REFERRED TO AS 'FORMERLY OF CREEDENCE CLEARWATER REVIVAL' IN ANY FORM OF BILLING | |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | AND/OR ADVERTISING, *WITHOUT THE APPROVAL OF JOHN FOGERTY OR LSII COORDINATOR.*" | |
|---|---|---|---|---|---|
| D99 | The CCR Mark is world famous. | J. Fogerty Dep. 19:1-21:10 (AE0280-282). | | Disputed; mischaracterizes the evidence. Fogerty stated that "I think any place that Creedence Clearwater is known, probably those other two terms [Creedence and CCR] are known as well." | |
| D100 | Like CCR and Poor Boy—the only authorized licensee of a CREEDENCE-formative mark—Fogerty uses the mark in connection with entertainment services. | J. Fogerty Dep. 41:23-42:7, Exh. 2; 75:11-23, Exh. 8. (AE0288-289, AE0506-517, AEO293, AE0561-562). 2015 Clifford Decl. ¶¶ 3-4, 9-11 (AE0797-798). Trademark Registration (AE0521). | | Disputed; the CCR band has not provided entertainment services as a vocal and instrumental group for 25 years. Fogerty does not use the CCR name as a trademark. Poor Boy is not authorized to use derivatives of "Creedence" or "Creedence Clearwater" other than "Creedence Clearwater Revisited" | Cook Depo. at pp. 124:22-125:14 [AE0414-15]. 2001 Settlement Agreement, 2(b) [AE0612] |
| D101 | In connection with his entertainment services, Fogerty uses CREEDENCE CLEARWATER REVIVAL, which is identical to the CCR Mark. | J. Fogerty Dep. 41:23-42:7, Exh. 2; 75:11-23, Exh. 8 (AE0288-289, AE0506-517, AEO293, AE0561-562). Trademark Registration (AE0521). | | Disputed; Fogerty descriptively and truthfully refers to the name "Creedence Clearwater Revival" in a subset of his concert ads but does not use the CCR name as a trademark. | *See, e.g.*, J. Fogerty Depo., Ex. 8 [AE0561] |
| D102 | In promoting his entertainment services, | J. Fogerty Dep. 78:4-11 | | Disputed; Poor Boy is not the only licensee | Ex. 40 Woodstock |

STATEMENT OF UNCONTROVERTED FACTS

| | | | | |
|---|---|---|---|---|
| Fogerty uses the same marketing channels as Poor Boy—the only authorized licensee of a CREEDENCE-formative mark—namely, through Facebook, websites, the Internet, newspapers and media. | (AE0294).<br><br>Dep. Exhs. 77, 82, 83.<br>(AE0809-822)<br><br>Cook Response Decl. ¶ 8 (AE1079). | of the CCR mark.<br><br>Undisputed that Fogerty uses the broad categories of the Internet, Facebook, and media for various reasons, such as to connect with his fans and to promote his recent book | Agreement, ¶ 2 [AE0708-24]. |

Dated:  January 25, 2017

Respectfully submitted,
BARNES & THORNBURG LLP

By      _/s/_ Roya Rahmanpour
        Levi W. Heath
        Roya Rahmanpour
        Attorneys for John Fogerty

Dated:  January 25, 2017

Respectfully submitted,
BROWNSTEIN HYATT FARBER SCHRECK, LLP

By      _/s/_ Michael D. Rounds
        Michael D. Rounds
        Laura Bielinski
        Attorneys for Poor Boy Productions, Inc.,
        Creedence Clearwater Revival, Stuart Cook,
        Douglas Clifford and Patricia Fogerty

STATEMENT OF UNCONTROVERTED FACTS